DUFRESNE, Judge.
This is a personal injury case in which liability is not an issue on appeal. Plaintiff, Michelle Fauls Baillio appeals the jury award of $7,000.00 in damages.
The plaintiff was injured in an automobile accident on July 21, 1982, on Airline Highway near the intersection of Airline and North Arnoult in Metairie, Louisiana. The plaintiffs vehicle was struck in the rear by a vehicle driven by the defendant, Paul McCarty and insured by Allstate Insurance Company. After trial the jury found that Paul McCarty was negligent and that his negligence caused the plain *807 tiff’s injuries. The jury awarded the plaintiff $3,500.00 in damages for past, present and future pain and suffering and $3,500.00 for past and future medical expenses.
Plaintiff has appealed the $3,500.00 award in general damages urging that the verdict was inadequate and constituted an abuse of the trier of fact’s discretion. We disagree, and thus affirm the jury award.
Following the accident, the plaintiff saw Dr. Mark Juneau, an orthopedist, for treatment of injuries sustained in the accident. Dr. Juneau treated the plaintiff from August 2, 1982, until June 29, 1983. Initially the plaintiff had complaints only of neck pain and headaches and Dr. Juneau found no objective findings. Dr. Juneau indicated that the plaintiff had a full range of motion of the cervical spine and the results of a bone scan and all neurological exams were normal. He prescribed anti-inflamatories and muscle relaxants, however, found the plaintiff free from any objective findings of injury.
On December 22, 1983, plaintiff began treatment with Dr. William Chapel, a chiropractor, complaining of back pain and began visiting Dr. Chapel on a regular basis.
The plaintiff was involved in another automobile accident in June, 1983, in which she was struck in the rear again. Six months later the plaintiff began visiting Dr. Chapel, however, she never disclosed this second accident to Dr. Chapel.
Plaintiff testified that her injuries caused by the July 21, 1982, accident forced her to wear a neck brace and interferred with her normal day to day activities and her marital relations. She indicated she experienced severe headaches, neck and back pain, and often nausea and dizziness due to the prescribed medication.
Dr. Chapel’s diagnosis at the time of trial was the plaintiff suffered “chronic hyper-extension, hyperflexion, strained, sprained injtiry to the neck, cervical mild fasciaitis pain in the thoracic spine”, as well as “pain in the thoracic spine, radiculitis, multiple cervical subluxations, thoracic subluxations and lumbar subluxations with extension neuritis in the upper extremities.” Finally, Dr. Chapel testified that his findings at this initial examination included restricted range of motion in all directions, substantial weakness of both the flexor and the extensor muscles, substantial weakness in the major muscles groups and pelvic elevator muscles groups, and weak flexor muscle group.
Examination by Dr. Juneau, a board certified orthopedic surgeon and on the teaching staff of LSU Medical School revealed no objective medical findings of injury and that the plaintiff had a full range of motion.
The only issue is whether the jury abused its discretion in making its award for damages, LSA-C.C. art. 1934(3) and cases thereunder set forth the principles of appellate review for assessing general damages.
Applying Article 1934(3) to review of damage awards, Supreme Gourt decisions have indicated a methodology for this review, Emerson v. Empire Fire and Marine Ins. Co., 393 So.2d 691 (La.1981). Reck v. Stevens, 373 So.2d 498 (La.1979) and Coco v. Winston Industries, 341 So.2d 332 (La.1976).
In reviewing quantum awards, an appellate court should disturb an award made at the trial court level only when the record clearly indicates that the trier of fact abused its discretion in making the award. Upon finding an abuse of discretion, the award can be raised (lowered) to the lowest (highest) point which is reasonably within the discretion of the trier of fact.
In determining whether there has been an abuse of discretion, we are given guidance by damage awards in other similar cases, however, our primary focus is upon the facts peculiar to this case.
After careful review of the record and the surrounding jurisprudence we see no abuse of discretion by the jury in awarding the plaintiff $3,500.00 in general damages. The jury was able to review the *808 testimony of both Dr. Juneau and Dr. Chapel. Further, the plaintiff had conveniently neglected to inform Dr. Chapel of her involvement in a second accident in June 1983, which was just six months prior to her initial visit. It is obvious that the jury made credibility evaluations from the evidence presented and gave more weight to Dr. Juneau’s testimony.
Accordingly, we find no abuse of the jury’s discretion here and affirm their decision.
AFFIRMED.