482 So.2d 54 (1986)
Dorothy BERGERON
v.
The FIRESTONE TIRE & RUBBER CO., INC., et al.
No. 85-CA-493.
Court of Appeal of Louisiana, Fifth Circuit.
January 13, 1986.
Writ Denied March 17, 1986.
John B. Perry, New Orleans, for plaintiff-appellee.
Gregory W. Roniger, Jefferson, for defendant-appellee.
Michael T. Tusa, Jr., New Orleans, for defendants-appellants.
Before CHEHARDY, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is a suit for damages arising out of an accident involving a vehicle owned by the defendant, Firestone Tire & Rubber Co., Inc., operated by its employee, Steven Exsterstein and a pedestrian, Dorothy Bergeron (plaintiff).
Plaintiff brought suit for personal injuries against the following defendants: Firestone Tire & Rubber Co., Inc., Steven Exsterstein and Champion Insurance Company. After a trial by jury on the merits, verdict was returned in favor of plaintiff and against the defendant, Firestone Tire & Rubber Co., Inc. in the following amounts: for physical pain and suffering $25,000.00; for mental anguish$5,000.00; for reimbursement of medical expenses $883.83, for a total award of $30,883.83. Additionally, the trial judge awarded all court costs, jury costs and expert fees of *55 $500.00 be paid by the defendant, Firestone Tire & Rubber Co., Inc. From this judgment Firestone Tire & Rubber Co., Inc. has appealed and urged that the judgment is erroneous since its employee (Exsterstein) was acting outside the course and scope of his employment and that the award of general damages was excessive.
The plaintiff has answered the appeal seeking an increase in the amount of damages awarded and requesting defendant to pay all costs.
The record reflects the following pertinent facts to be without dispute. The accident occurred on June 16, 1983, at approximately noon in Kenner, Louisiana. Plaintiff was leaving her place of employment located at the Kenner Adult Education Center. She walked in the parking lot with her co-workers and was knocked to the ground by a pick-up truck which was backing up. She sustained abrasions and contusions when one of the truck's rear tires rolled onto her right foot.
The pick-up truck was owned by defendant, Firestone and was being operated by an employee, Steven Exsterstein.
The pick-up truck had several tires stacked up in its bed and it was Exsterstein's employment duties to deliver these tires to Firestone customers. There is some indication in the record that Exsterstein worked without direct supervision in the delivery of these tires and Firestone's primary concern was that the deliveries were made on time and in a safe manner. The record indicates that Exsterstein worked from 8:00 a.m. to 3:00 p.m. Monday through Friday, that he would eat lunch whenever he desired, and received no instructions about stopping momentarily somewhere other than a designated delivery location.
Prior to the accident that day, Exsterstein had stopped off at a friend's house. Exsterstein left the house in the Firestone pick-up truck and arrived at the Kenner Adult Education Center to visit another friend. While exiting the parking lot, Exsterstein backed up and struck the plaintiff, knocking her to the ground.
We agree with the jury that Exsterstein was the legal cause of the injuries sustained by the plaintiff. However, the central issue which must be resolved on appeal is whether Exsterstein was within the course and scope of his employer's business.
An employer is not liable for the acts or omissions of his employee under the doctrine of respondent superior unless the tort was committed in the course and scope of the employment, LeBrane v. Lewis, 292 So.2d 216 (La.1974). The doctrine of respondent superior is set forth in LSA-C.C. arts. 2317 and 2320, they read in part as follows:
Art. 2317
"We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable...."
Art. 2320
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."
The jurisprudence has construed Civil Code Article 2320 to mean that the employer is liable for the tortious acts of his employees "committed while acting within the scope and course of his employer's business." LeBrane, supra.
In LeBrane, our Supreme Court stated that the resolution of this issue is dependent on whether the employee's delictual conduct is "... so closely connected in time, place, and causation to his employment duties as to be regarded a risk of harm fairly attributable to the employer's business". If so, liability for that conduct will be imposed upon the employer.
There is no precise rule by which one can determine in every instance whether the employee is acting within the course and scope of his employment. There is no doubt that plaintiff's injuries were caused by Exsterstein's negligence while driving a *56 vehicle owned by his employer. However, we can impose vicarious liability only after careful examination of the facts in the record.
The time of the accident was during Exsterstein's normal working hours, the vehicle was being operated for the benefit of Firestone. Exsterstein's use of the vehicle was authorized by Firestone and his employment duties (i.e., delivery of the tires) were controlled by Firestone. Although Exsterstein had detoured temporarily from his assigned route, his motive that day was to accomplish his employer's objective, the delivery of tires to Firestone customers. Exsterstein's employment transgression was not a gross deviation of what was expected or what could have been anticipated by Firestone. Firestone also derived substantial benefit from the sale of tires.
Exsterstein's tortious conduct occurred before the completion of his employment duties and was subject to his employer's control. Firestone introduced no evidence at trial as to employment restrictions relative to deviating in the delivery routes and Exsterstein's conduct is seen as only an extension of his employment relationship.
Considering the above, we conclude that Exsterstein's tortious conduct clearly fell within the parameters of Firestone's business; thus, Exsterstein was performing within the course and scope of his employment at the time of the accident and the jury verdict will not be disturbed on appeal. Accordingly, we conclude that under the general principles of the Master-Servant doctrine, Firestone is vicariously liable for Exsterstein's negligent conduct here.
The jury awarded $30,883.83, in general and special damages. We find no error in this monetary allocation.
Plaintiff was treated for her injuries by her family physician, Dr. Curtis Bonin, and by an orthopedist, Dr. George Battalora. Dr. Bonin referred plaintiff to Dr. Battalora after three visits with principal complaint focusing upon pain in her right foot.
There were other complaints involving her low back, right lower rib cage, right forehead (including lacerations and a black eye), right forearm, left middle finger, left knee and nervousness.
Dr. Battalora stated that the crushing of her right foot would cause an aggravation of her pre-existing arthritic condition and would affect her with increased pain during weather changes and as she resumed her normal daily activities. Dr. Battalora opinioned that the accident caused only multiple muscle strains. The two treating physicians testified that plaintiff's right foot injuries would continue to cause pain and discomfort for an indefinite time.
Mr. Bergeron, as well as the plaintiff testified that as a result of the accident, she was unable to do several of her pre-accident activities, such as bowling, dancing and walking.
Plaintiff also testified that she was unable to do domestic duties or participate in the same type of hiking vacation as she had before the accident. Plaintiff continues to complain of pain in her right foot and leg.
We are guided by LSA-C.C. art. 1934(3) and the surrounding jurisprudence.
LSA-C.C. art. 1934(3) provides that "... much discretion must be left to the judge or jury ..." in the assessment of general damages.
In Reck v. Stevens, 373 So.2d 498 (La. 1979), the Supreme Court discussed the guideline for an appellate court's review of a trial court's damage award. The court stated that:
Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. Only after analysis of the facts and circumstances peculiar to this case and this individual may a reviewing court determine that the award is excessive.
The Supreme Court stated that the initial inquiry must always be directed at whether the trier of facts' award for particular injuries and their effects upon this particular injured person is a clear abuse of the trier *57 of facts' much discretion, La.Civ.C. art. 1934(3) in the award of damages.
After a review of the record and considering the trier of facts' (jury's) much discretion in awarding damages, we do not find a clear abuse of the jury's discretion in awarding $30,000.00 for plaintiff's physical and mental pain and suffering.
For the above and foregoing reasons, the jury's verdict as to liability and damages is affirmed.
AFFIRMED.