526 So.2d 391 (1988)
Kerney Jackson HICKS, Jr.
v.
Harold BARNEY and XYZ Insurance Company.
No. CA-9211.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
Carol Skarpetowski, and Freddie B. Warren, Jr., New Orleans, for defendants/appellants.
Harry T. Widmann, New Orleans, for plaintiff/appellee.
Before GULOTTA, KLEES, and WILLIAMS, JJ.
WILLIAMS, Judge.
On July 13, 1977, a vehicular accident occurred when a truck driven by defendant, Harold Barney, allegedly veered in front of a motorcycle driven by plaintiff, Kerney J. Hicks, colliding with the motorcycle and pinning Hicks to a telephone pole. As a result of the impact, Hicks suffered injuries to his foot.
On July 7, 1978, plaintiff filed a suit for damages arising from the accident. Defendant filed an answer and trial was set for September 22, 1980. After several delays, plaintiff brought the case to trial on August 19, 1987, more than two years after defendant's death.[1]
At trial, plaintiff testified that he was riding his motorcycle a few car lengths behind Barney's truck, travelling in the same direction as Barney but in different lanes. Plaintiff testified that, without warning, defendant's truck veered in front of plaintiff's motorcycle, causing plaintiff *392 to strike the front of the truck. On impact, plaintiff was pushed towards the curb and against a telephone pole. Plaintiff testified that he was taken to Charity Hospital by ambulance where he was treated for injuries to his big toe and foot. Plaintiff alleged that as a result of the injury, corrective shoes were prescribed, he produced a receipt in the amount of $47.69. Further, plaintiff claimed that he sustained property damages to his motorcycle. Plaintiff also testified that he was unemployed at the time of the accident but that he had an offer of employment from Cottman Transmission. Apparently, plaintiff never started the job with Cottman.
Plaintiff's only corroborating witness was Carl Daigreport. Mr. Daigreport testified that although he did not witness the accident, shortly after the accident the defendant admitted to Daigreport that he hit Hicks with his truck.
The only defense witness was the administratrix of the estate of Harold Barney. The bulk of her testimony concerned property owned by the succession.
The trial court entered judgment in favor of plaintiff in the following amounts:

General Damages $15,000.00
Lost Income $ 9,250.00
Property Damage
to motorcycle $ 1,800.00
Corrective Shoes $ 47.69
 __________
Total $26,097.69

Defendant appeals.
Before this court, defendant raises several assignments of error. We have considered each assignment of error and will discuss those which we find to be of merit.
LIABILITY
Defendant claims that the plaintiff failed to establish liability on the part of Barney. The trial judge is afforded much discretion in resolving questions of fact. While we note that the only eyewitness to testify about the accident was the plaintiff, the trial judge had the opportunity to observe the demeanor of this witness and assess his credibility. We do not find that the trial judge was manifestly erroneous in determining that the facts supported liability and will not disturb his finding on appeal.
DAMAGES
Defendant claims that the damages claimed by the plaintiff were unsubstantiated and excessive in light of the evidence presented to the court. We agree.
The trial court awarded plaintiff $9,250.00 for loss of wages due to the accident. At trial, plaintiff testified that he had not held a job for several months prior to the accident. He claimed to have a job offer at the time of the accident but testified that he lost that possibility due to the accident and was unable to secure another job for more than a year. Plaintiff produced no witnesses to the alleged job offer; he claimed that the prospective employer had died prior to trial. Plaintiff testified that the rate of pay was to be $250.00 per month, but in making the award the trial judge must have concluded that the rate of pay was $250.00 per week. We do not find that the plaintiff presented sufficient evidence to sustain an award for loss of wages.
A plaintiff has the burden of proving the extent of damages sustained. In the case at bar, plaintiff has failed to satisfactorily establish that he had a job offer at the time of the accident or how much this alleged offer was to pay. To allow plaintiff to recover damages for lost wages when there is no independent support of plaintiff's claim is highly speculative and under the circumstances of this case the testimony presented is unacceptable as a basis for an award. see Joseph v. Ford Motor Co., 499 So.2d 428 (La.App. 4th Cir.1986) on remand. We, therefore, find that the trial judge should not have rendered an award for lost wages based upon the evidence presented.
The trial judge also awarded plaintiff $15,000.00 in general damages. After the accident, plaintiff was brought to Charity Hospital where he was treated and released. Copies of the hospital records which were admitted at trial indicated that plaintiff had a "transverse fracture of the base of the proximal phalanx of the great *393 toe ...". Although plaintiff claims that he had a "crushed arch" the hospital records only reflect that the plaintiff complained of a painful arch and was seen sporadically at Charity Hospital in either orthopedics or podiatry for approximately nine months.
The scope of appellate review for an award of general damages is limited to lowering (raising) the award to the highest (lowest) point which, based on the particular facts of the case, is within the trial court's reasonable discretion. Reck v. Stevens, 373 So.2d 498 (La.1979). We do not find that the trial court abused its discretion in its award of general damages and we will not disturb his findings on appeal.
At trial, plaintiff produced the receipts for parts necessary to repair the damages to his motorcycle. Plaintiff testified that he was a qualified motorcycle repairman and repaired his vehicle after the accident. We find that the trial court's award of $1,800.00 was not erroneous.
The final item of damages awarded by the trial judge was $47.69 for "corrective shoes" needed as a result of the accident. A perusal of the hospital records neither indicates a prescription nor a recommendation for "corrective shoes" by the treating physician. These facts, coupled with the fact that the receipt does not reflect the specific purchase, requires us to reverse the award regarding the corrective shoes.
For the reasons provided, we delete the judgment for lost wages and corrective shoes, and affirm the judgment in all other respects.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff amended his petition to sue the Administratrix of decedent's succession.