DUFRESNE, Judge.
In this tort lawsuit we are asked only to review the adequacy of damages. On *131 March 6, 1990, plaintiff, Dolores Breaux slipped and fell at the J.C. Penney store in the Lakeside Shopping Center in Metairie. Ms. Breaux suffered a non-displaced fracture of her fifth metatorsal bone in her left foot and was treated with a cast and released from East Jefferson General Hospital’s emergency room. She went the next 8 days on crutches or in a wheelchair confined to her home.
Ms. Breaux began follow-up treatment with an orthopedist, Dr. George Byrum, who removed the cast and put her in a walking boot which she wore for approximately 7 months.
Although her fractured bone healed, Ms. Breaux continued to experience pain in her left foot. On June 7, 1991, Ms. Breaux began treatment with Dr. Edna Doyle, a physical medicine and rehabilitation specialist. Dr. Doyle opined that the cuboid bone in Ms. Breaux’s left foot had fallen because of the March 1990 accident. As a result she continued with pain when she walked. Initially, Dr. Doyle tried to physically manipulate the cuboid bone back into place and this was temporarily successful; however, the cuboid bone eventually fell and continued to cause pain.
Thereafter, Dr. Doyle recommended ligament strengthening injections with sugar solution into the bone and ligament. This would strengthen the ligament and prevent the cuboid bone from falling.
Ms. Breaux explained that this caused her extreme pain and inconvenience. At the time of the trial, almost 2 years after her accident, she continued to suffer from pain when she walks. She also stated that her social and recreational activities were severely affected by this accident.
The jury found J.C. Penney to be 100% at fault awarding Ms. Breaux the following damages:
Past Medical Expenses $2,500.00
Future Medical Expenses 2,400.00
Past Pain & Suffering 1,500.00
There was no award for any future pain and suffering, physical impairment or impairment of lifestyle.
Ms. Breaux filed a motion for additiur and alternatively for new trial on the issue of damages. The trial court denied her motion, however amended the jury’s verdict by reducing future medical expenses to $500.00, and increasing the award for future pain and suffering to $1,900.00.
Ms. Breaux appeals the verdict of the jury and the trial court’s amended judgment.
Ms. Breaux assigns the following errors for our review:
1. The trial court abused its discretion and violated LSA-C.C.P. art. 1951 when it amended the jury’s award of damages.
2. The jury abused its discretion when it awarded past and future general damages.
With respect to the trial court’s adjustment (amending) of the jury verdict, we find this decision was judicially abusive and not in accord with the facts and the law. We find the jury’s award of future medical to be adequate and appropriate under the facts. Dr. Doyle testified that because of Ms. Breaux’s age it would be difficult to accurately predict how many injection sessions she would require. Dr. Doyle hoped it would take 2-4, however, some patients require as many as 10 separate sessions, at a cost of $248.00 each. This figure includes $150.00 for the injection, $35.00 for an office visit, and $63.00 for physical therapy.
The trial court rendered an “amended judgment”, in which it amended or adjusted the jury award. It decreased the award of future medical expenses from $2,400.00 to $500.00 and increased the award for future pain and suffering from $0 to $1,900.00.
The Louisiana Code of Civil Procedure, Article 1951 allows the trial court to alter phraseology or correct errors in calculations of a judgment. However, expressly prohibits a trial court from amending the substance of a judgment. Naulty v. Oupac, Inc., 448 So.2d 1322 (La.App. 5th Cir.1984).
The amending judgment changed the substance of the original judgment. Because a judgment cannot be amended to *132 alter its substance and, the trial court’s amendment came as a result of a motion for a new trial, which motion was denied, the amendment then, was not the result of a new trial. Accordingly, the amending judgment was improperly granted.
With respect to the jury’s award of past and future general damages, we find error in their verdict.
We may increase the jury’s award if we find an abuse of discretion, and if the record will support, as in this case, an increase. CoCo v. Winston Industries, 341 So.2d 332 (La.1976). LSA-C.C. art. 1999.
Although we are not obligated and constrained by historical court or jury awards, we glean from them a sense of comparison and contrast.
After determining that a jury award is an abuse of discretion, we compare awards rendered in similar cases. Then the award may be raised on appeal to the lowest amount which is reasonable. Baillio v. McCarty, 477 So.2d 806 (La.App. 5th Cir.1985). See awards in the following cases:
Durkee v. City of Shreveport, 587 So.2d 722 (La.App. 2nd Cir.1991),
Brown v. Lykes Brothers Steamship Company, Inc., 422 So.2d 213 (La.App. 4th Cir.1982),
Bergeron v. Firestone Tire & Rubber, 482 So.2d 54 (La.App. 5th Cir.1986),
Hicks v. Barney, 526 So.2d 391 (La.App. 4th Cir.1988),
Muse v. NOPSI, 546 So.2d 506 (La.App. 4th Cir.1989).
After reviewing the record we find the jury's awards for past and future general damages (pain and suffering) to be below an acceptable range of adequacy. Furthermore, we feel that she is entitled to recover damages for loss of or impairment of her quality of life.
Accordingly, the jury’s verdict is amended and the trial court’s amending judgment is set aside and vacated. The trial court’s judgment is in error, and the jury’s verdict is inadequate. For these reasons we increase the award of damages by awarding an additional $10,000 for general damages (future pain and suffering and impairment of quality of life) for a total award of $16,400.00.
In all other respects the verdict of the jury is reinstated and affirmed.
VACATED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED.