509 So.2d 1 (1987)
Alton R. JOSEPH, Credell Buckner Dominguez, Individually and as Administratrix of the Estate of her Minor Children, Tonel Dominguez and Rahsaanica Joseph
v.
FORD MOTOR COMPANY.
No. 87-C-0347.
Supreme Court of Louisiana.
June 22, 1987.
Lawrence Wiedemann, W. Lloyd Bowers, Wiedemann & Fransen, New Orleans, for applicant.
Dermot McGlinchey, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, Edward Rundell, Alexandria, Elliot Buckley, Jr., Robert Cooper, Metairie, for respondent.
DIXON, Chief Justice.
Plaintiffs, Alton Joseph, Credell Buckner Dominguez and their two children, were injured in an accident on March 4, 1980. The accident occurred when, due to a defective braking system, Joseph lost control of his 1980 Ford Econoline van and collided with an overpass support pillar. Plaintiffs brought an action in redhibition and an action in tort.
After a trial on the merits, the jury found Ford Motor Company and Bohn *2 Ford, Inc. liable in both redhibition and tort and awarded the return of the purchase price of the vehicle, $187,000 in attorney's fees for the redhibition claim, $1,700,000 for the injuries sustained by Alton Joseph in the accident and $67,000 for the injuries sustained by Credell Buckner Dominguez and the two children. The principal amount of the original judgment was $1,954,000 with interest from the date of judicial demand. Accordingly, the actual judgment at the time of the award was worth in excess of $2.6 million.
Plaintiffs settled their claims against Bohn Ford, Inc. and its insurers for $1,976,575.05 and specifically reserved their rights against Ford Motor Company.[1] Ford appealed to the court of appeal which reversed the decision of the trial court, finding that the plaintiffs had not met their burden of proof against defendant Ford. Joseph v. Bohn Ford, Inc., 472 So.2d 185 (La.App. 4 Cir.1985).
Plaintiffs applied to this court for writs. This court granted plaintiffs' application for writs and determined that the plaintiffs had sustained their burden of proof as to the liability of Ford. 477 So.2d 695 (La. 1985). The case was remanded to the court of appeal for consideration of the award of damages. Joseph v. Bohn Ford, Inc., 483 So.2d 934 (La.1986).
On remand, the court of appeal found that the jury's awards had been excessive. The court therefore amended that portion of the judgment awarding Alton Joseph $1,700,000 for damages and reduced that amount to a judgment in favor of Joseph in the amount of $535,000. The court also reduced the attorney's fees award of $187,000 to the amount of $25,000. The judgment awarding $50,000 to Credell Buckner Dominguez was affirmed. Additionally, the court held that the settlement agreement between plaintiffs and Bohn was a satisfaction of the judgment and that, in light of the reduction of the awards, plaintiffs had received all of the money to which they were entitled. Joseph v. Ford Motor Co., 499 So.2d 428 (La.App. 4 Cir.1986).
Plaintiff, Joseph, again applied to this court for writs which were again granted. 502 So.2d 1092 (La.1987). Joseph alleges that the court of appeal erred in reducing the jury awards and deciding that the restrictive release executed between Bohn and plaintiffs had the effect of a satisfaction of judgment of all claims.
In determining damages and attorney's fees, the court of appeal adhered to the principles of Reck v. Stevens, 373 So.2d 498 (La.1979), and did not err in reducing Joseph's awards to the highest reasonable amount within the jury's discretion.
At issue is the effect the compromise agreement between plaintiffs and Bohn Ford had on Ford Motor Company's liability. Bohn and Ford Motor Company were joint tortfeasors. It is well settled that joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing. Billeaudeau v. Lemoine, 386 So.2d 1359, 1362 (La.1980); Reid v. Lowden, 192 La. 811, 815, 189 So. 286, 287 (1939); Irwin v. Scribner, 15 La. Ann. 583, 584 (1860); C.C. 2324.[2] As solidary obligors either defendant could be compelled to pay the whole judgment. C.C. 2091.[3]
The settlement agreement between Bohn and plaintiffs, entitled "Receipt and Release," is evidence that plaintiffs and Bohn intended to confect a "transaction or compromise." C.C. 3071 defines "transaction or compromise" as "an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, *3 adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." For a payment of $1,976,575.05 plaintiffs released Bohn from its liability under the $2.6 million trial court judgment. In doing so Bohn limited its exposure for the balance of the judgment if Ford should be exonerated from liability on appeal, and plaintiffs eliminated their risk that Bohn's liability would be reduced. No other cause or consideration is necessary for a valid transaction or compromise. Since plaintiffs and Bohn fulfilled the conditions of C.C. 3071, this agreement was clearly a transaction or compromise and not a "satisfaction of the judgment" as stated by the court of appeal.
Ford was not released by the agreement and remains liable because plaintiffs expressly reserved their rights against it. C.C. 2203.[4] An obligee's release of a joint tortfeasor reduces the amount recoverable against the remaining tortfeasors by the amount of the virile (pro rata) share of the one released, since the plaintiff, in releasing a joint tortfeasor, has prejudiced the remaining tortfeasors by depriving them of their right of contribution from the one so released. Wall v. American Employers Insurance Co., 386 So.2d 79, 82 (La.1980); Canter v. Koehring Co., 283 So.2d 716, 727-28 (La.1973); Harvey v. Travelers Insurance Co., 163 So.2d 915, 920-22 (La.App. 3 Cir.1964). See also C.C. 1803 (1985),[5] which codified the Harvey rule. Ford is thus entitled to a reduction in the amount recoverable against it; consequently, plaintiffs' award of $610,000 should be reduced by 50%.
We reject the court of appeal holding and Ford's argument that since the damage award rendered in favor of plaintiffs was less than the $1,976,575.05 already obtained in the compromise with Bohn, plaintiffs' claims against Ford had already been satisfied. The amount for which plaintiffs and Bohn compromised is irrelevant to the Harvey rule. The damage award against the remaining tortfeasors is reduced by the share of the settling joint tortfeasor regardless of the amount a settling tortfeasor actually pays to compromise the plaintiff's claim. If plaintiffs had compromised their claims against Bohn for less, Ford would still be entitled to a 50% reduction of the judgment of the court of appeal.
For the above reasons, the judgment of the court of appeal is amended. There is now judgment in favor of plaintiffs and against Ford Motor Company for $610,000, subject to a reduction of 50% for Bohn Ford, Inc.'s virile share. In all other respects the judgment of the court of appeal is affirmed, and Ford Motor Company is cast for costs.
WATSON, J., concurs in part and dissents in part and assigns reasons.
WATSON, Justice, concurring in part and dissenting in part:
I concur in the holding that Ford is liable for its virile share. However, I respectfully dissent from the conclusion without discussion that the court of appeal did not err in reducing the jury verdict. Perhaps the jury's award was excessive, both as to damages and attorney's fee, but so is the reduction.
NOTES
[1] The settlement agreement satisfied the judgments of the two minor children as to all tortfeasors because they did not reserve their rights against Ford Motor Company.
[2] C.C. 2324 provides in part:

"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."
[3] C.C. 2091 (repealed by Acts 1984, No. 331) provided:

"There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor."
The principle contained in C.C. 2091 was restated in C.C. 1794 (1985). The new article does not change the law.
[4] C.C. 2203 (repealed by Acts 1984, No. 331) provided:

"The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission."
[5] C.C. 1803 (enacted by Acts 1984, No. 331, § 1, effective January 1, 1985) provides:

"Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
Surrender to one solidary obligor of the instrument evidencing the obligation gives rise to a presumption that the remission of debt was intended for the benefit of all the solidary obligors."