GUIDRY, Judge.
This appeal is a sequel to our decision in Danny Gene Hefner v. B.J. McAdams, Inc., et al., 487 So.2d 505 (La.App. 3rd Cir.1986). A brief history of this matter is necessary for a complete understanding of the issue presented on this appeal.
Hefner brought suit to recover damages for injuries sustained when a car driven by him was rear-ended by an eighteen wheel tractor trailer. Hefner brought suit against Michael Bixler, the truck driver; his employer, B.J. McAdams, Inc. (Mc-Adams); and, their insurer, Lloyds of London (Lloyds). The matter was tried to a jury and subsequently, pursuant to the jury verdict, a judgment was rendered in favor of Hefner against Bixler, McAdams and Lloyds, in solido, for the total sum of $197,448.37. Following rendition and signing of the judgment, Hefner executed a written document granting a full and complete release to Lloyds in consideration of Lloyds’ payment to him of the sum of $140,000.00 in full payment and satisfaction of the amount for which Lloyds was cast. In this written release, Hefner specifically reserved all rights to recover from Bixler and McAdams, under the aforesaid judgment, the sum of $50,000.00, which allegedly represents the liability deductible under the policy issued by Lloyds to Mc-Adams. McAdams appealed seeking a reversal of the trial court judgment and, in the alternative, a reduction of the damage award. Bixler did not appeal and the trial court judgment is final as to him.
In Hefner, supra, we affirmed the trial court’s finding as to liability but reduced the damage award to Hefner, insofar as concerned McAdams, to the sum of $62,-448.37. Upon the finality of this judgment, McAdams filed the instant suit seeking issuance of a writ of mandamus ordering the Rapides Parish Clerk of Court to cancel and erase from the mortgage records of his office the judgment of the trial court, as amended by the judgment of this court, insofar as same purports to affect Mc-Adams. Hefner intervened and joined the Clerk of Court in opposing McAdams’ demand. After a hearing, the trial judge ordered cancellation of the aforementioned judgments, insofar as same affect Mc-Adams, concluding, in his written reasons for judgment, as follows:
"... [T]he Third Circuit Court of Appeal reduced the judgment to $62,448.37, which is less than the amount paid by Lloyds of London. Despite demand, defendant has refused to cancel the judgment described above.
La.C.C.P. [C.C.] Art. 1794 provides that a performance rendered by one soli-dary obligor relieves the others of liability toward the obligee. Lloyds of London has satisfied the judgment naming it as *668 solidary obligor with the petitioner and Michael Bixler. Therefore, petitioner is relieved of any further liability toward Danny Gene Hefner and is entitled to have the judgment cancelled.”
Hefner has appealed urging that the trial court erred in concluding that the payment by Lloyds satisfied Hefner’s judgment against McAdams.[1]
The single issue on appeal concerns the effect the agreement between Hefner and Lloyds had on McAdams’ liability.
Lloyds paid to Hefner the total sum of $140,000.00, a sum in excess of the amount finally determined to be the amount owed in damages by McAdams. Therefore, if McAdams is entitled to credit for the amount paid by Lloyds to Hefner, the trial court was correct in granting McAdams the relief for which it prayed. The trial court concluded that McAdams was entitled to such credit on the basis that the performance rendered by one solidary obligor relieves the others of liability toward the obligee. (La.C.C. art. 1794) For the reasons which follow, we find that the trial court erred.
An insurer and its insured may agree to limit liability in any manner, in the absence of a statutory provision to the contrary. Guy v. Egano, 236 So.2d 542 (La.App. 4th Cir.1970), writ denied, 239 So. 2d 354 (La.1970); Breaux v. St. Paul Fire and Marine Insurance Company, 326 So. 2d 891 (La.App. 3rd Cir.1976). The record reflects that Lloyds is not the insurer of McAdams as to the initial $50,000.00 of personal injury damages, as the Lloyds’ policy contained a $50,000.00 deductible provision. Under the latter provision, the insured, McAdams, assumed responsibility for the first $50,000.00 of personal injury damages. Therefore, although well settled that an insured and his insurer are liable in solido, it is clear that there existed no solidarity between McAdams and Lloyds as to the initial $50,000.00 of personal injury liability to Hefner.
The compromise agreement entered into between Hefner and Lloyds provides in pertinent part as follows:
“Plaintiff, DANNY GENE HEFNER, hereby acknowledges receipt from LLOYDS OF LONDON of a check in the amount of ONE HUNDRED FORTY THOUSAND AND NO/100 ($140,000.00) DOLLARS in full payment and satisfaction of any and all principal and interest owed by LLOYDS OF LONDON only on the final Judgment rendered herein, it being understood that no Receipt and Satisfaction of Judgment is granted to the remaining defendants specifically, B.J. McADAMS, INC. and MICHAEL BIXLER, who are still liable to the extent of the FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLAR deductible of their liability insurance policy with LLOYDS OF LONDON together with any interest thereon; ... plaintiff reserves fully all of his rights against B.J. McADAMS, INC. and MICHAEL BIX-LER to the extent of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS, together with interest thereon, it being further understood that this Receipt and Satisfaction of Judgment does not apply to said B.J. McADAMS and MICHAEL BIXLER.”
As aforestated, insofar as concerns the initial $50,000.00 of personal injury liability, there existed no solidary liability. Thus, Lloyds’ payment, under the compromise agreement with Hefner, could have availed McAdams, under the doctrine of solidarity, only to the extent that the judgment against the latter exceeded the sum of the deductible.
Although not argued by McAdams, we considered the possibility that the payment by Lloyds might constitute performance of McAdams’ obligation to Hefner by a third person under the provisions of La.C.C. art. 1855.[2] We conclude that it cannot. The cited article provides as follows:
*669 “Performance may be rendered by a third person, even against the will of the obligee, unless the obligor or the obligee has an interest in performance only by the obligor.
Performance rendered by a third person effects subrogation only when so provided by law or by agreement.”
In the recent case of Joseph v. Ford Motor Company, 509 So.2d 1 (La.1987), at issue was the effect of a post-judgment compromise agreement between the plaintiff and one solidary obligor on the ultimate liability of the other obligor, a joint tort-feasor. The facts of the instant case are strikingly similar except for the fact that the solidary obligor, for the excess over $50,000.00, is the insurer of the non-settling defendant. In Jones, supra, the plaintiffs secured a judgment against all defendants, Bohn Ford, Inc., its insurer, and Ford Motor Company, in solido, which judgment, at the time of the award, was worth in excess of $2.6 million. Plaintiffs settled their claim against Bohn and its insurer for $1,976,575.05. On appeal by Ford Motor Company, the judgment against it was reduced to the sum of $610,000.00. When plaintiffs attempted to execute their judgment against Ford, the latter resisted on the ground that Bohn’s payment, which was in excess of the ultimate liability of Ford, served to exonerate it from any further liability. In rejecting Ford’s contention, the court concluded that the payment by Bohn to plaintiffs was a transaction or compromise within the purview of La.C.C. art. 3071 and not a satisfaction of the judgment and, therefore, did not constitute satisfaction of the obligation by a solidary obligor which exonerated the others toward the creditor. Therefore, Ford was not released by the agreement and remained liable because plaintiffs expressly reserved their rights against Ford.[3] Ultimately, the Supreme Court rendered judgment against Ford for $350,000.00 concluding that plaintiffs’ release of Bohn reduced the amount owed by the remaining joint tortfeasor by the amount of Bohn’s virile share.
Applying the rationale of Joseph, supra, we determine that the payment by Lloyds to Hefner was a transaction or compromise and not a satisfaction of the judgment. Therefore, such payment cannot be considered a performance of McAdams’ remaining obligation under the judgment under the provisions of La.C.C. art. 1855.
Finally, we observe that, although the record reveals no solidarity between McAdams and Lloyds for the initial $50,-000.00 of personal liability, the judgment of the trial court, from which neither Hefner nor Lloyds appealed, cast Bixler, McAdams and Lloyds, in solido, for the total amount of judgment. We gave thought to whether this circumstance should dictate a different result. We conclude, on the basis of Joseph, supra, that it should not. The agreement between Hefner and Lloyds is one of transaction or compromise in which Hefner specifically reserved all rights against Mc-Adams and Bixler to the extent of the $50,000.00 deductible, together with interest. Even if McAdams and Lloyds be considered solidary obligors for the full amount of the judgment, the amount paid by Lloyds does not constitute a satisfaction of the judgment in favor of McAdams, except to the extent of the obligation assumed by Lloyds in its contract of insurance with McAdams, i.e., any amount in excess of $50,000.00.
In sum, we conclude that the judgment of the trial court recorded at Mortgage Book 996, folio 798, as amended by the judgment of this court recorded at Mortgage Book 1059, folio 420, is still effective against McAdams except however, that said judgments secure an obligation against B.J. McAdams, Inc. in favor of Danny Gene Hefner, in the amount of $50,-000.00 together with interest from date of judicial demand until paid.
Accordingly, for the above and foregoing reasons, the judgment of the trial court is reversed and set aside, the alternative writ of mandamus issued by the trial court on *670 July 7, 1986 is ordered recalled and the judgments referred to are ordered rein-scribed to the extent and in the amount as set forth above. Plaintiff, B.J. McAdams, Inc., is cast with all costs of these proceedings both at the trial level and on appeal.
REVERSED AND RENDERED.

. Appellant concedes in brief that his demand is restricted to the sum of $50,000.00, plus interest, the liability deductible provided for in the Lloyds policy.

. La.C.C. art. 1855, as reenacted by Act 331 of 1984, reproduces the substance of C.C. arts. 2134, 2136 and 2137 (1870). It does not change the law.

. La.C.C. art. 2203, repealed by Act 331 of 1984, required specific reservation of rights against unreleased solidary obligors.