525 So.2d 284 (1988)
Carolyn L. CARROLL
v.
Marylin C. KILBOURNE, Aetna Casualty & Surety Company, Boh Brothers Construction Company, Inc., Gray and Company, Inc., and State of Louisiana, Through the Department of Transportation and Development.
Clara ADAMS and Maggie Little
v.
Marylin C. KILBOURNE, Aetna Casualty & Surety Company, Boh Brothers Construction Company, Inc., Gray and Company, Inc., State of Louisiana, Through the Department of Transportation and Development, Carolyn L. Carroll, and Western Preferred Casualty Company.
Nos. 87 CA 0166, 87 CA 0167.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
*285 Ronnie Glynn Penton, Bogalusa, for plaintiffs-appellees Carolyn L. Carroll, Clara Adams and Maggie Little.
Robert T. Talley, Baton Rouge, for defendant-appellant Louisiana Dept. of Transp. and Development, Office of Gen. Counsel.
John E. McAuliffe, Jr., New Orleans, for Boh Bros. Const. Co. third party-defendant.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment awarding damages resulting from an automobile accident which occurred on September 28, 1981, near the intersection of La. Highway 21 and City Limits Road in Bogalusa, Louisiana.
FACTS
La. Highway 21, which is operated and maintained by the State of Louisiana, Department of Transportation and Development (Department), was undergoing major resurfacing. The Department had contracted with Boh Brothers Construction Company, Inc. (Boh Brothers) to do the resurfacing work. On or about September 28, 1981, work was being performed on the northbound lane of La. Highway 21, and Boh Brothers employees were directing the traffic on La. Highway 21, flagging the northbound traffic onto the southbound lane for the entire length of the construction. However, despite the construction, none of the Boh Brothers or the Department employees were directing traffic at the intersection with City Limits Road.
Plaintiff Carolyn L. Carroll was driving her automobile north on La. Highway 21. At the time, plaintiffs Clara Adams and Maggie Little were guest passengers in the Carroll vehicle. A vehicle driven by Marylin C. Kilbourne was proceeding west on City Limits Road. Kilbourne either ignored the stop sign on City Limits Road which governed the right-of-way at the intersection or failed to observe the Carroll vehicle before attempting to travel through the intersection. As a result, the Kilbourne vehicle struck the left side of the Carroll vehicle at the intersection with La. Highway 21.
On September 28, 1982, plaintiffs filed suit against Kilbourne, her insurer Aetna Casualty & Surety Company (Aetna), the Department, and Boh Brothers.[1] Prior to *286 trial, plaintiffs Adams and Little settled their claims with Kilbourne and Aetna for a combined total of $10,000.00 ($5,000.00 to each plaintiff), reserving all rights against the Department and Boh Brothers.
After trial, the judge determined that the Department and Kilbourne were both at fault in causing the accident and assigned percentages of fault as follows:

Kilbourne 35%
Department 65%

The trial judge awarded Adams and Little general damages of $5,000.00 each and awarded Carroll $438.00 in special damages and $1,000.00 in general damages, which awards were reduced by 35%, the percentage of fault attributable to the released tortfeasor.
Thereafter, the Department filed a motion for new trial to reform the judgment to reflect a credit for the $10,000.00 paid in settlement by Kilbourne and Aetna, which was denied.
From this adverse judgment, the Department appeals contending that the trial judge erred in failing to grant the Department a credit for the $10,000.00 paid in settlement by Kilbourne and Aetna.[2]

DISCUSSION
The Department and Kilbourne were joint tortfeasors. Joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing. Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980). As solidary obligors, either defendant could be compelled to pay the whole judgment. Former LSA-C.C. art. 2091, now LSA-C.C. art. 1794.[3]
Plaintiffs entered into a settlement with Kilbourne and Aetna. For a payment of $10,000.00 ($5,000.00 to each plaintiff), plaintiffs released Kilbourne and Aetna from any liability arising out of the September 28, 1981, accident. The Department was not released by the agreement and remained liable because plaintiffs expressly reserved their rights against it.
Former LSA-C.C. art. 2203 provided:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the latter case, he can not claim the debt without making a deduction of the part of him to whom he has made the remission.
This article has been replaced by present LSA-C.C. art. 1803, effective January 1, 1985, which provides, in pertinent part, as follows:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
Settlement prevents contribution from a joint tortfeasor; the remedy provided by law in such cases is to reduce the award proportionately, depending on the number of joint tortfeasors. When a plaintiff releases a joint tortfeasor, the unreleased joint tortfeasors are effectively deprived of the right of contribution. Recognizing this rule, Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir.1964), held that the plaintiff in such a situation is only entitled to a proportionate *287 amount of his damages from the unreleased tortfeasor. See also Raley v. Carter, 412 So.2d 1045 (La.1982); Wall v. American Employers Insurance Company, 386 So.2d 79 (La.1980); Duvernay v. State, Department of Public Safety, Division of State Police, 433 So.2d 254 (La. App. 1st Cir.1983), writ denied, 440 So.2d 150 (La.1983); Sibley v. Menard, 398 So.2d 590 (La.App. 1st Cir.1980), writ denied, 400 So.2d 211 (La.1981).
An obligee's release of a joint tortfeasor reduces the amount recoverable against the remaining tortfeasors by the amount of the virile (pro rata) share of the one released, since the plaintiff, in releasing a joint tortfeasor, has prejudiced the remaining tortfeasor by depriving him of his right of contribution from the one so released. Joseph v. Ford Motor Company, 509 So.2d 1 (La.1987); Wall v. American Employers Insurance Company, supra; Canter v. Koehring Company, 283 So.2d 716 (La.1973); Harvey v. Travelers Insurance Company, supra.
In the instant case, the accident occurred on September 28, 1981, prior to the effective date of LSA-C.C. art. 1803. As the change is substantive and not merely procedural, it is clear that former LSC.C. art. 2203 applies. Thus, under LSC.C. art. 2203 and the jurisprudence construing LSA-C.C. art. 2203, the Department is entitled to a reduction in the amount recoverable against it.[4]
The Department, however, contends that it is entitled to a credit for the $10,000.00 in settlement paid to plaintiffs. In support of its position, the Department relies on Fertitta v. Allstate Insurance Company, 462 So.2d 159 (La.1985), which is clearly distinguishable from the instant case in that it involved damages caused by an underinsured tortfeasor. Both the uninsured motorist carrier and the tortfeasor were legally bound by separate provisions of the law to repair plaintiff's damages in the amount that those damages exceeded the $10,000.00 limits of the tortfeasor's liability policy. Plaintiffs release of her own uninsured motorist carrier, however, did not prejudice the tortfeasor of any right to contribution from the released solidary obligor.
In Joseph v. Ford Motor Company, supra, the court stated:
We reject the court of appeal holding and Ford's argument that since the damage award rendered in favor of plaintiffs was less than the $1,976,575.05 already obtained in the compromise with Bohn, plaintiffs' claims against Ford had already been satisfied. The amount for which plaintiffs and Bohn compromised is irrelevant to the Harvey rule. The damage award against the remaining tortfeasors is reduced by the share of the settling joint tortfeasor regardless of the amount a settling tortfeasor actually pays to compromise the plaintiff's claim. [509 So.2d at p. 3]
Clearly, while the Department is entitled to a reduction in the amount recoverable by plaintiffs, the Department is not entitled to a credit for the $10,000.00 paid in settlement by Kilbourne and Aetna.

CONCLUSION
For the above reasons, the judgment of the trial court denying the Department a credit for the $10,000.00 paid in settlement to plaintiffs by Kilbourne and Aetna is affirmed. Costs in the amount of $1,567.25 are assessed against the Department.
AFFIRMED.
NOTES
[1] Numerous other defendants were named in plaintiffs' petitions, and third party and incidental demands were filed. None of these parties or demands are pertinent to the inquiries presented herein.
[2] The Department is the only party who appealed the trial court judgment. Neither Carroll, Little, nor Adams appealed or answered the appeal. Therefore, the only issue properly before this court is whether the Department is entitled to a credit for the $10,000.00 paid in settlement by Kilbourne and Aetna.
[3] Former LSA-C.C. art. 2091 provided:

There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
By Acts 1984, No. 331, § 1, effective January 1, 1985, the Legislature amended and reenacted Titles III and IV of Book III of the Civil Code. In LSA-C.C. art. 1794, the Legislature restated the principle contained in former LSA-C.C. art. 2091, as follows:
An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee.
[4] In the instant case, the trial judge apportioned fault between the solidary obligors as follows:

Kilbourne 35%
Department 65%

In accordance with this allocation of fault, the trial judge reduced the portion recoverable against the Department by 35%. No issue has been raised regarding the percentage of reduction, and we specifically do not address this issue. See former LSA-C.C. arts. 2104 and 2106 and new LSA-C.C. art. 1804, effective January 1, 1985.