617 So.2d 885 (1993)
Mary TOUCHARD, Applicant,
v.
Brenda G. WILLIAMS, et al., Respondents.
No. 92-C-2919.
Supreme Court of Louisiana.
April 12, 1993.
Rehearing Denied May 13, 1993.
*886 John H. Pucheu, Pucheu, Pucheu & Robinson, Eunice, for applicant.
Jerry J. Falgoust, Stephen J. Bienvenu, Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Opelousas, Robert A. Lecky, Voorhies & Labbe, Larry Lane Roy, Roy & Hattan, Lafayette, John E. Ortego, Cooper, Ortego, & Woodruff, Abbeville, for respondents.
CALOGERO, Chief Justice.[*]
We granted writ in this case to determine whether Louisiana Civil Code article 2324(B) imposes solidary liability on joint tortfeasors only when the victim cannot collect at least 50% of his recoverable damages or whether the article imposes solidary liability on joint tortfeasors subject to a cap of 50%.
This case arose out of two separate but related collisions that occurred on Interstate 10 on September 17, 1987. Four vehicles were involved in the accident. These vehicles and their respective drivers were: (1) a 1976 Oldsmobile Cutlass driven by Brenda Williams; (2) a 1976 Pontiac Grand Prix driven by James H. Minter; (3) a 1985 Chrysler Fifth Avenue driven by Martha Causey; and (4) a 1986 Buick Skylark driven by Steven L. Lege. Plaintiff, Mary Touchard, was a passenger in the Williams vehicle.
Touchard brought this action seeking damages for the injuries she sustained in the accident. Those injuries included a damaged disc at the L5-S1 level, a ligamentous injury to the cervical spine, a contusion of her left shoulder and clavicle joint, muscle spasms, bruises over her entire torso, as well as her forehead and temple, and a concussion.
After all the evidence was presented and instructions given by the court, the jury returned a verdict holding Brenda Williams 63% at fault, Martha Causey 30% at fault and Steven Lege 7% at fault. Plaintiff's total damage award was $100,000.00.
*887 Subsequent to trial, the plaintiff received policy limits of $25,000.00 from State Farm, Brenda Williams' insurer, $30,000.00 from Allstate, Martha Causey's insurer, and, $7,000 from Texas Farmers Insurance Company, Steven Lege's insurer.
Plaintiff appealed complaining of the percentages of fault assigned to the various defendants, the amount of the award and the district court's interpretation of Louisiana Civil Code article 2324(B). The appellate court affirmed. 606 So.2d 927 (1992).
The pivotal issue in this case is the interpretation of the phrase "only to the extent necessary for the person suffering injury, death, or loss to recover fifty per cent of his recoverable damages" contained in Louisiana Civil Code article 2324(B) (emphasis added). This language creates a question of whether the article creates conditional or "functional" liability among joint tortfeasors or whether the article imposes solidary liability on joint tortfeasors of 50%.
The lower courts in this case concluded that the phrase created conditional or "functional" solidary liability among joint tortfeasors. Under this interpretation, which is urged by defendants, the existence or non-existence of solidary liability among joint tortfeasors is conditioned upon whether the victim can successfully recover fifty percent of his recoverable damages from the joint tortfeasors. If the victim is able to collect an aggregate amount equal to fifty percent or more of his recoverable damages, solidarity would not exist among the joint tortfeasors. Conversely, if the victim is unable to collect an aggregate amount of fifty percent, solidarity would be imposed on the joint tortfeasors.[1] Thus, under this interpretation, solidarity would not exist among joint tortfeasors until its determined that the victim is unable to collect fifty percent of his recoverable damages.
A second interpretation, which is espoused by the Second Circuit Court of Appeal,[2] as well as the plaintiff in this case, is that the phrase was intended to limit the exposure of joint tortfeasors to 50%, rather than 100%, of the plaintiff's recoverable damages. Under this interpretation, the joint tortfeasors would be solidarily bound for only 50% of the victim's recoverable damages. Thus, a victorious plaintiff could secure 50% of his recoverable damages from any one of the liable defendants, provided that the plaintiff's assignment of fault did not exceed that of the defendant from whom recovery was sought.[3] A judgment debtor who paid more than his allocated share would be able to seek his respective indemnity or contribution from his joint tortfeasors.
The Louisiana Civil Code mandates that when a law is clear and unambiguous and the application of the law does not lead to absurd consequences, the law must be applied as written without any further interpretation of the intent of the legislature. La.Civ.Code art. 9 (West 1993). However, where a statute is ambiguous or susceptible of two reasonable interpretations, statutory interpretation is necessary. State v. Randall, 219 La. 578, 53 So.2d 689 (1951).
*888 Louisiana Civil Code article 2324 is not clear and free of ambiguity. Scholars and commentators have wrestled with the meaning of the article since its revision.[4] Moreover, recent decisions of the courts of appeal which interpret this article, including this case, reveal that the article is susceptible of at least two reasonable interpretations concerning solidary liability of joint tortfeasors. Compare Thompson v. Hodge, 577 So.2d 1172 (La.App. 2d Cir. 1991); Johnston v. Fontana, 610 So.2d 1119 (La.App. 2d Cir.1992) with Touchard v. Williams, 606 So.2d 927 (La.App. 3rd Cir.1992).
The function of statutory interpretation and the construction to be given legislative acts rests with the judicial branch of government. State v. Sissons, 292 So.2d 523 (La.1974); Ethyl Corp. v. Collector of Revenue, 351 So.2d 1290 (La. App. 1st Cir.1977). The Civil Code and related jurisprudence establish guidelines for statutory interpretation. Louisiana Civil Code article 10 provides:
When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
The Code also suggests that ambiguous text be interpreted according to the generally prevailing meaning of the words employed in the statute. La.Civ.Code art. 11 (West 1993); Bradford v. City of Shreveport, 305 So.2d 487 (La.1975).
Accordingly, the starting point for the interpretation of any statute is "the language of the statute itself." Zeringue v. State, Dep't of Public Safety, 467 So.2d 1358 (La.App. 5th Cir.1985) (citing Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980)). However, the paramount consideration for statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law. Keelen v. State Dep't of Culture and Recreation, 463 So.2d 1287 (La.1985); Turner v. City of Shreveport, 437 So.2d 961 (La. App. 2d Cir.1983). This court has stated that "when the meaning of a statute appears doubtful it is well settled that we should seek the discovery of the legislative intent." State v. Marsh, 96 So.2d 643 (La. 1957).
In the present case, neither the words of the statute nor the related articles reveal the meaning of the provision. See, supra note 1. Accordingly, resort to legislative intent is necessary.
Solidary liability among co-tortfeasors has been a part of Louisiana's civil tradition for over 150 years. Louisiana Civil Code article 2324 is derived from article 2304 of the 1825 Louisiana Civil Code.[5] While Louisiana Civil Code article 2304 (1825) uses the term "jointly", the official revision comments reveal that the code contained an error in the English translation of French text. The proper translation should have been "in solido." This error was corrected by legislative act. Byrne v. Riddel, 3 La.Ann. 670 (1848).
Although Louisiana Civil Code article 2304 (1825) created solidary liability among joint tortfeasors who acted in concert, the Louisiana Supreme Court has recognized solidary liability among simply negligent co-tortfeasors since 1889. Cline v. Crescent City R.R. Co., 41 La.Ann. 1031, 6 So. 851 (1889). In Cline, this Court "engrafted negligence-based solidary liability onto article 2324 using the general obligations articles." M. Kevin Queenan, Civil Code Article *889 2324: A Broken Path to Limited Solidarity Liability, 49 La.L.R. 1351, 1368 (1989). The court rejected the defendants' contention that the law failed to provide for negligence-based solidarity. Id. This court explained that "[s]olidary obligations exist `on the part of the debtors when they are all obliged to the same thing ... although... the debtors [are] obligated differently... and by different acts or at different times.'" Id. (quoting Cline v. Crescent City R.R. Co., 41 La.Ann. 1031, 6 So. 851 (1889)). The court continued: "there are many contracts in which the obligation is declared by law to be in solido, without any express stipulation." Cline v. Crescent City R.R. Co., 41 La. Ann. 1031, 6 So. 851 (1889). The court concluded by noting that "some of these contracts `may be found in the chapter which treats of' offenses and quasi offenses, `such as' art[icles] ... 2315 ... 2316 ... 2317 [and] 2320." Queenan, supra at 1368 (quoting Cline v. Crescent City R.R. Co., 41 La.Ann. 1031, 6 So. 851 (1889)). Thus, according to the court, articles 2315, 2316, 2317, and 2324 create solidary obligations among joint tortfeasors for their delicts, even if the delicts are founded upon negligence.
More recently, this court has recognized this principle. Dixie Drive It Yourself Sys. Co. Inc. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962) ("When the actionable negligence of two tortfeasors contributes in causing harm to a third party, each of them is responsible for the damage. They are solidarily liable."); Narcise v. Illinois Cent. R.R. Co., 427 So.2d 1192 (La.1983); Huguet v. Louisiana Power & Light Co., 196 La. 771, 200 So. 141 (1941). Moreover, the legislature reaffirmed the principle of solidary liability of joint tortfeasors when it revised article 2324 in 1979. 1979 Legislative Act 431.[6]See also Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904 (La.1985).
Prior to the adoption of Act 373 of 1987, article 2324 of the Louisiana Civil Code remained unchanged since the 1979 amendment. The article provided:
He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving all parties their respective rights of indemnity and contribution.
Pursuant to this article, as well as the established jurisprudence, joint tortfeasors were solidarily liable for the victim's damages. Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904 (La.1985); Carroll v. Kilbourne, 525 So.2d 284 (La.App. 1st Cir. 1988); Cajun Elec. Power Co-op., Inc. v. Owens-Corning Fiberglass Corp., 528 So.2d 716 (La.App. 5th Cir.), writ denied, 531 So.2d 475 (1988). See also Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980) ("It is well settled that joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing.").
The civilian concept of in solido liability in tort is synonymous with the common law phrase "joint and several" liability. Johnson v. Jones-Journet, 320 So.2d 533, 536 (La.1975); Garland v. Coreil, 134 So. 297 (La.App.1931). See also Queenan, supra at 1355. An underlying policy of joint and several or solidary liability, as well as tort law, is victim compensation. In adopting *890 joint and several or solidary liability among joint tortfeasors, the courts "espoused a theory that it is better to allocate damages to the injurers, even in greater portions than their respective degrees of fault, than have victims suffer a reduced recovery." Id. Alternatively stated, the modern justification for the retention of solidary liability is founded on the notion that the innocent plaintiff should obtain full compensation from any person whose fault was an indispensable factor in producing the harm. Martha Chamallas, Comparative Fault and Multiple Party Litigation in Louisiana: A Sampling of the Problems, 40 La.L.R. 373 (1980). See also Thorton v. Luce, 209 Cal.App.2d 542, 26 Cal.Rptr. 393 (1962); Robert A. Steinberg, The Doctrine of Joint and Several Liability is Properly Concerned with the Rights of Victims rather than the Economic Well-Being of Wrongdoers, 9:3 L.A.Lawyer 35 (1986).
The primary effect of solidary liability is that any tortfeasor may be compelled to pay the entire judgment.[7] La.Civ.Code art. 1794; See also Joseph v. Ford Motor Co., 509 So.2d 1 (La.1987). Accordingly, a solvent defendant was subjected to paying the tab for other defendants who are insolvent, undeterminable, or hidden. Queenan, supra at 1355.
In 1987, the Legislature addressed the problem of burdening solvent defendants, who were minimally or not exclusively liable, with 100% of a plaintiff's damages. The original bill, introduced in the House of Representatives, would have eliminated solidary liability among joint tortfeasors, except for intentional or willful acts. The bill, which did not survive the legislative process, had provided:
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to paragraph A, then liability for damages caused by two or more persons shall be a joint, divisible obligation. A joint tort-feasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
Under this bill, solidarity among co-tortfeasors would have been abolished; joint tortfeasors were to be joint, divisible obligors, with each tortfeasor only liable for his portion of attributable fault. La.Civ. Code arts. 1788, 1789. Thus, the risk of a joint tortfeasor's insolvency or inability to pay was placed upon the innocent victim rather than the solvent co-tortfeasors. Likewise, the risks of undeterminable, hidden, or absent co-tortfeasors were also to be borne by the victim. Similarly, the policies underlying solidary liability such as victim compensation, loss allocation, and risk management would no longer be effectuated. This proposal presented a stark contrast to the in solido liability of co-tortfeasors which was the law of Louisiana at the time of amendment.[8]
In all events, this bill was not adopted by the Legislature as introduced. The bill was amended in committee and on the floor of the House.
After introduction, House Bill 841 was referred to the House Committee on Civil *891 Law and Procedure. The committee rejected the complete abolition of solidary liability among joint tortfeasors. The committee proposed that the bill be amended to provide for solidary "liability for joint tortfeasors for 50% of [the plaintiff's] recoverable damages." The committee also proposed that the bill be amended to recognize all parties' rights to indemnity and contribution.
The committee further proposed that the bill be amended to limit "a joint tortfeasor's liability [to his] degree of fault" in situations where the judgment creditor is assigned a greater degree of fault than the joint tortfeasor. This amendment preserved a similar provision which had been a part of Louisiana Civil Code article 2324 since the 1979 revision of the same.
Finally, the committee proposed that except where tortfeasors conspire to commit an intentional or willful act or where solidary liability exists for the plaintiff to recover 50% of his recoverable damages, the "liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person...." The legislature adopted these amendments, as well as a House of Representative floor amendment which inserted the provision, "unless otherwise provided by law." These actions indicate the Legislature's desire to preserve solidary liability among joint tortfeasors, but with some limitations.
This House bill ultimately became Act 373 of the 1987 Legislative Session.
Act 373 states (emphasis added):
To amend and reenact Civil Code Article 2324, relative to offenses and quasi offenses, to provide for joint, divisible liability, to provide for solidary liability, and to provide for related matters.
Be it enacted by the Legislature of Louisiana:
Section 1. Civil Code Article 2324 is hereby amended and reenacted to read as follows:
Art. 2324. Liability as solidary or joint and divisible obligation
A. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary, only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages; however, when the amount of recovery has been reduced in accordance with the preceding Article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of fault has been attributed. Under the provisions of this Article, all parties shall enjoy their respective rights of indemnity and contribution. Except as described in Paragraph A of this Article, or as otherwise provided by law, and hereinabove, the liability for damages caused by two or more persons shall be a joint, divisible obligation, and a joint tortfeasor shall not be solidarily liable with any other person for damages attributable to the fault of such other person, regardless of such other person's insolvency, ability to pay, degree of fault, or immunity by statute or otherwise.
As conceded by the defendants in this case, the final version of the article adopted by the Legislature represents a compromise between the competing interests of judgment creditors and judgment debtors. Judgment debtors are no longer exposed to solidary liability for 100% of the judgment creditor's damages except where the joint tortfeasors commit "an intentional or wilful act." Instead, a judgment debtor's exposure is limited, in the absence of a greater than 50% assignment of that debtor's fault, to fifty percent of the plaintiff's "recoverable damages." Nevertheless, a judgment debtor's liability, in the absence of the judgment creditor being assigned a greater degree of fault, is not limited to his assigned percentage of fault, as the original bill had proposed.
*892 Similarly, a judgment creditor is precluded from securing 100% recovery from one or another of the joint tortfeasors, except where the tortfeasors commit "an intentional or wilful act," or a given tortfeasor is assigned 100% of the fault. Yet such, a judgment creditor is not limited to recovering from each tortfeasor only his percentage of fault, unless the judgment creditor is assigned a greater degree of fault than the given tortfeasor. The balance, reached by the legislature, shares the risks of insolvent, incapable of paying, undeterminable, and hidden tortfeasors.
This legislative history is helpful in our quest to give the appropriate meaning to the phrase, "only to the extent necessary." It seems evident that the phrase was used as a means of capping liability at 50% rather than creating a solidary liability among joint tortfeasors which is conditioned upon the fortuitous event of a 50% recovery, which is what the lower courts found in this case.
This interpretation is supported by the principle that laws in derogation of established rights of long standing are to be strictly construed. Robertson, The Louisiana Law of Comparative Fault: A Decade of Progress, Louisiana Practice Series, Volume 1 (LSU Law Center 1991) (citing Monteville v. Terrebonne Par. Con. Gov't, 567 So.2d 1097 (La.1990)). In Monteville, this Court stated that laws "in derogation of common or natural right" must "be strictly interpreted." Monteville v. Terrebonne Par. Con. Gov't, 567 So.2d 1097 (La.1990) (citing Keelen v. State Department of Culture and Recreation, 463 So.2d 1287 (La.1985); G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62 (La.1990); Louisiana Nat. Bank v. Triple R Contractors, 345 So.2d 7 (La.1977); Lamar Life Ins. Co. v. Babin, 246 La. 19, 163 So.2d 81 (1964); Charles Tolmas, Inc. v. Police Jury, 231 La. 1, 90 So.2d 65 (1956); Cendon v. H.G. Hill Stores, 171 La. 341, 131 So. 41 (1930); City of Crowley v. Duson, 147 La. 520, 85 So. 226 (1920)). This Court further elaborated that:
where there is any doubt about the intent or meaning of laws in derogation of common law or common right, ... the statutes are given the effect which makes the least rather than the most change in the existing body of law.
Article 2324 imposes restrictions or limitations on the long standing principle of solidarity among joint tortfeasors. Moreover, article 2324 substantially impedes the ability of an injured party to obtain full recovery of his damages; as such, the article is in derogation of a common right. G.I. Joe, Inc. v. Chevron U.S.A., Inc., 561 So.2d 62 (La.1990); Keelen v. State Department of Culture and Recreation, 463 So.2d 1287 (La.1985). The article must be strictly construed to make the least change in the existing law.
As discussed, solidary liability among joint tortfeasors has been a part of the Louisiana civilian tradition for over 150 years. La.Civ.Code art. 2304 (1825). Prior to the revision of article 2324, a victim was able to seek full recovery from any one of the joint tortfeasors, who were left to seek their respective contribution and indemnity from each other. Conversely, conditional or functional solidarity, and its ramifications, among joint tortfeasors, has never been a part of Louisiana law. Under our interpretation, conditional or functional solidarity among joint tortfeasors is not created. Instead, in solido liability among joint tortfeasors is preserved but is merely limited to 50%, as opposed to the previously existing 100%. For this reason, we believe our interpretation of present article 2324 announced in this decision makes the least rather than most intrusion into existing law.
Finally, our determination is supported by the jurisprudential rule that this Court will not "impute to a statute a meaning which would lead to an absurd result...." Smith v. State, through Dep't of Pub. Safety, 366 So.2d 1318 (La.1978). The interpretation given the article by the court of appeal would lead to unreasonable consequences which we cannot lay account to the legislature. Under the lower courts' interpretation, if the trial court's judgment does not become final until the victorious victim recovers 50% of his recoverable damages, *893 the plaintiff, as well as the defendant, would be placed in a precarious situation. The defendant would not be able to appeal the judgment because it is not final; while the plaintiff would not be able to make the judgment executory because the appeal delays would not have run! See La.Code Civ.Proc. arts. 1841, 1911, 2166(C), 2166(D), 2251, 2252, and 2291.
Conversely, if the judgment became final upon lapse of the appeal delays, the "final judgment" would be subject to modification post-trial and post if the financial situation of a judgment debtor deteriorated sufficiently because of the conditional nature of the judgment. This interpretation might frequently prompt post judgment reassignment of quantum exposure because of the conditional nature of the judgment. Thus, a "final" judgment would not be "final" under this interpretation. Accordingly, the lower courts' interpretation would in some instances lead to untenable if not absurd consequences.
Considering the legislative intent, coupled with a strict interpretation, we conclude that the article was intended to provide a cap on solidarity among joint tortfeasors of 50% rather than to create conditional solidarity among joint tortfeasors. For these reasons, we reverse in part the opinions of the lower courts and order that the defendants be cast solidarily for 50% of the plaintiff's recoverable damages.
We reject plaintiff's contentions that the jury erred in its allocation of fault and its award of damages. These issues did not prompt our granting plaintiff's writ application. Moreover, the district court made these factual determinations after evaluating the credibility of the witnesses and weighing the evidence presented. The court of appeal respected these factual findings by recognizing that unless the factual determinations of the factfinder are clearly wrong or manifestly erroneous, an appellate court may not reverse the factual findings of the factfinder. See Shirley Stobart v. State of Louisiana, Through Department of Transportation and Development, 617 So.2d 880 (La.1993) issued this day.

DECREE
For the foregoing reasons, the decisions of the lower courts are affirmed in part regarding the jury's allocation of fault and award of damages, and reversed in part concerning the interpretation of Louisiana Civil Code article 2324(B). The case will be remanded to the district court for the court to recast its judgment in this case consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the DISTRICT COURT.
ORTIQUE, J., concurs. The result is correct.
MARCUS, J., concurs and assigns reasons.
LEMMON, J., concurs and will assign reasons.
MARCUS, Judge (concurring).
I concur in the holding that the "article was intended to provide a cap on solidarity among joint tortfeasors of 50% rather than to create conditional solidarity among joint tortfeasors" and that the "defendants be cast solidarily for 50% of plaintiff's recoverable damages."
NOTES
[*] Dennis, J., not on panel. For the procedure employed in assigning cases after January 1, 1993 to rotating panels of seven justices, see State v. Barras, 615 So.2d 285, 286 n. 1 (La. 1993).
[1] Under the court of appeal's decision, it is uncertain whether this solidary obligation would be for 100% of the plaintiff's recoverable damages or whether the solidary obligation would be limited to 50% of the plaintiff's recoverable damages. Under this interpretation, the plaintiff in this case would appear to be precluded from recovering any additional amounts from Allstate, Martha Causey, Steven Lege, or Texas Farmer's Insurance Company because the plaintiff's total recovery to date exceeds 50% of her recoverable damages. Mrs. Touchard has received to date $62,000.00 on her $100,000 judgment.
[2] Thompson v. Hodge, 577 So.2d 1172 (La. App.2d Cir.1991); Johnston v. Fontana, 610 So.2d 1119 (La.App.2d Cir.1992).
[3] Under this interpretation, Touchard would be able to recover an additional $20,000.00 from either Allstate, assuming the policy limits have not and would not be exceeded by this addition, or Martha Causey. Thus, Touchard could recover $82,000.00 on her judgment. Alternatively, Touchard could collect an additional $38,000.00 ($43,000.00 less $5,000.00 to prevent recovery from exceeding the $100,000.00 judgment) from Texas Farmers Insurance Company, assuming the policy limits have not and would not be exceeded by this addition, or Steven Lege. Thus, Touchard could recover $100,000.00.
[4] See M. Kevin Queenan, Civil Code Article 2324: A Broken Path to Limited Solidarity Liability, 49 La.L.R. 1351 (1989); Robertson, The Louisiana Law of Comparative Fault: A Decade of Progress, Louisiana Practice Series, Volume 1 (LSU Law Center 1991); Bruce V. Schewe, Developments in the law 1986-1987 (A Faculty Symposium) Obligations, 48 La.L.R. 423 (1987); Bruce V. Schewe, Developments in the law 1987-1988 (A Faculty Symposium) Obligations, 49 La.L.R. 463 (1988); Thomas C. Galligan, 2324: The Creature from the Tort Reform Lagoon, The Trial Brief, Vol. 25, No. 2 (Louisiana Trial Lawyers Assoc.1992).
[5] La.Civ.Code art. 2304 (1825) (emphasis added) states:

He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, jointly with that person, for the damage caused by such act.
[6] Legislative Act 431 of 1979 amended Louisiana Civil Code article 2324 by adding a second paragraph which provided:

Persons whose concurring fault has caused injury, death or loss to another are also answerable, in solido; provided, however, when the amount of recovery has been reduced in accordance with the preceding article, a judgment debtor shall not be liable for more than the degree of his fault to a judgment creditor to whom a greater degree of negligence has been attributed, reserving to all parties their respective rights of indemnity and contribution.
[7] The secondary effects of solidary liability are also significant in Louisiana. The Louisiana Civil Code and the Code of Civil Procedure provide for these effects which include: "suit against a solidary obligor interrupts prescription as to all other solidary obligors, proper venue as to one solidary obligor provides proper venue as to all and payment by one solidary obligor relieves all other solidary obligors." Queenan, supra at 1355 n. 13. See also La.Civ. Code arts. 1794, 1799, 3503; La.Code Civ.P. art. 73.
[8] Vicknair v. Hibernia Bldg. Corp., 479 So.2d 904 (La.1985); Carroll v. Kilbourne, 525 So.2d 284 (La.App. 1st Cir.1988); Cajun Elec. Power Coop., Inc. v. Owens-Corning Fiberglass Corp., 528 So.2d 716 (La.App. 5th Cir.), writ denied, 531 So.2d 475 (La.1988). See also Billeaudeau v. Lemoine, 386 So.2d 1359 (La.1980) ("It is well settled that joint tortfeasors are solidarily liable for damages resulting from their concurrent negligence or wrongdoing.").