Dear Mr. LaFleur:
You have requested an opinion of the Attorney General on behalf of the mayor of the City of Ville Platte regarding the number of commissioners that may be appointed to the local housing authority. Specifically you have asked whether the mayor may appoint no more than five commissioners or whether the mayor may select more, i.e. seven commissioners. Your request has been assigned to me for research and reply.
La.R.S. 40:531 (A)(1) governs the issue you have posed and provides as follows:
When the governing body of any municipality or parish, as the case may be, has determined, by resolution as set forth in R.S. 40:393, that it is expedient to establish a local housing authority, the chief elected official of the municipality or parish, or if no such official exists, then the governing body itself shall appoint five persons who shall constitute the governing body of the local housing authority and shall be called commissioners. (emphasis added).
The starting point for the interpretation of any statute is "the language of the statute itself." Touchard v. Williams,617 So.2d 885, 888 (La. 1993), superseded on other grounds by statute in Dumas v. State ex rel. Dep't of Culture,Recreation Tourism, 02-0563 (La. 10/15/02),828 So.2d 530; Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97), 694 So.2d 184, 186. Further, the Louisiana Civil Code and Louisiana Revised Statutes contain the following general rules of statutory interpretation:
La.C.C. art. 9: When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. *Page 2 
La.C.C. art. 11: The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
La.C.C. art. 13: Laws on the same subject matter must be interpreted in reference to each other.
La.R.S. 1:3 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word "shall" is mandatory and the word "may" is permissive.
This office has reviewed the language of La.R.S. 40:531 using the foregoing rules of statutory construction. The mandatory language of the law does not permit the mayor to deviate from the number of commissioners specified in the statute. The law clearly states that the governing body is made up of five commissioners. In light of the above, and in accordance with La.R.S. 1:3, it is the opinion of this office that the maximum number of commissioners that can be appointed to the Board of the Ville Platte Housing Authority is five.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY: __________________________ Erin C. Day Assistant Attorney General
JDC: ECD