PER CURIAM.
MOTION FOR SANCTIONS
Petroleum Helicopters, Inc. and Peoples Insurance Company of China (hereinafter movants) filed a motion in this Court for imposition of sanctions, pursuant to Louisiana Code of Civil Procedure, Article 863, against Sikorsky Aircraft Division, United Technologies Corporation (hereinafter Sikorsky), and its attorney.
Defendant-appellee, Sikorsky Aircraft Division, United Technologies Corporation, filed a Motion To Dismiss the appeal taken by plaintiffs-appellants, Petroleum Helicopters, Inc. and Peoples Insurance Company of China. 561 So.2d 203. This Court denied the motion. Sikorsky then filed a Motion For Rehearing/Reeonsideration of the denial of its Motion To Dismiss. Movants filed an Opposition to the Motion For Rehearing/Reconsideration and filed a Motion For Sanctions, pursuant to Louisiana Civil Procedure, Article 863, on the grounds that Sikorsky’s Motion for Rehearing/Reeonsid-eration was made in violation of Rule 2-18.-7(B) of the Uniform Rules of Louisiana Courts of Appeal. This Court denied Sikorsky’s Motion For Rehearing/Reconsideration and fixed the Motion For Sanctions for hearing and ordered the defendant, Sikorsky Aircraft Division, United Technologies Corporation, and its attorney, to show cause why sanctions, pursuant to La.C.C.P. Art. 863, should not be imposed upon the person who signed the pleading and the party represented in connection with the Motion For Rehearing/Reconsideration.
Evidence was received at the time of the hearing of the Motion For Sanctions and, at the conclusion of the taking of evidence, the matter was argued by counsel and taken under advisement.
The attorney for Sikorsky advised the Court that he had made a mistake and had no defense to offer for violating court rules in filing Sikorsky’s Motion For Rehearing/Reconsideration from a denial of Sikorsky’s Motion To Dismiss and tendered his apology for his action to the Court and opposing counsel. Evidence was received concerning the reasonable expenses and attorney’s fees incurred by movants because of the filing of Sikorsky’s Motion For Rehearing/Reconsideration and because of movants’ filing of a Motion For Sanctions. Arguments were heard from counsel for the parties relevant to the issue of imposition of sanctions.
After review of the evidence, this Court finds that the attorney for Sikorsky signed and filed a pleading with this Court, constituting a certification under La.C.C.P. Art. 863(B), which was not warranted by existing law and that such pleading unnecessarily and needlessly increased the cost of this appeal.
For the foregoing reasons, this Court imposes the following sanction, and ren *1358 ders judgment for such sanction, in favor of movants, Petroleum Helicopters, Inc. and Peoples Insurance Company of China, and against the attorney for Sikorsky Aircraft Division, United Technologies Corporation, ordering the attorney for Sikorsky to pay to the attorneys for movants, Patrick E. Bradley and Vance E. Ellefson, expenses totaling $117.35, and attorney’s fees totaling $1,400.00 in connection with preparing and filing movants’ opposition to Sikorsky’s Motion For Rehearing/Reconsideration and movants’ Motion For Sanctions, together with supporting briefs, and together with an additional sum of $250.00 to Vance E. Ellefson as attorney’s fees for appearing at the hearing on the Motion For Sanctions held before this Court. It is further ordered that these sums are to be paid by the attorney for Sikorsky to Patrick E. Bradley and Vance E. Ellefson within ten (10) days from the date this judgment becomes final.
It is further ordered that the attorney for Sikorsky pay the sum of $100.00, within ten (10) days from the date this judgment becomes final, to the Clerk of the Third Circuit, Louisiana Court of Appeal for the appellate court costs incurred in connection with the hearing on the Motion For Sanctions.
MOTION FOR SANCTIONS GRANTED; SANCTIONS IMPOSED; AND JUDGMENT FOR SANCTIONS RENDERED.