| THIBODEAUX, Judge.
Claimant, Perry Bourgeois, filed a workers’ compensation claim against his employer, Akzo Nobel Salt, Inc., seeking supplemental earnings benefits. The basis of Mr. *763 Bourgeois’ claim is that, although he is earning 90% of his pre-injury wages, he is working more hours at a lesser rate of pay. The hearing officer reasoned that the number of hours worked and the hourly rate of pay are irrelevant when 12Comparing pre-accident and post-accident wages, and rejected Mr. Bourgeois’ request. Mr. Bourgeois appeals that judgment. We reverse the judgment of the Office of Workers’ Compensation, finding that Mr. Bourgeois is entitled to supplemental earnings benefits.
I.

ISSUE

We must decide whether entitlement to supplemental earnings benefits is precluded because an injured employee is earning 90% of his pre-injury wages as a result of working more hours at a lesser rate of pay.
II.

FACTS

The facts are not in dispute. Perry Bourgeois, a mechanic employed by Akzo Nobel Salt, Inc. (Akzo), developed a skin condition on his hands and arms in July of 1993. Dr. Daniel Dupre, a dermatologist, diagnosed the condition as contact dermatitis, and further opined that the cause was exposure to irritants in the Akzo salt mine. Due to the causation link between the irritants present in claimant’s workplace and his skin condition, Dr. Dupre would not release Mr. Bourgeois to his former mechanic position. In compliance with Dr. Dupre’s recommendations, Akzo placed Mr. Bourgeois in a watchman position. Dr. Dupre approved this position for the claimant on October 4, 1994. One year later, Dr. Dupre rejected the position of welder for Mr. Bourgeois as it would require him to be in the salt mine and in contact with the irritants.
As a mechanic, Mr. Bourgeois earned $14.71 per hour; the hourly pay rate was raised to $15.51 per hour on March 25, 1996. While a mechanic, claimant worked approximately two weekends per month. In the four full weeks prior to his ^development of dermatitis, Mr. Bourgeois earned $3,070.99. As a watchman, Mr. Bourgeois earns $12.27 per hour; when Akzo first switched him to that position, he was earning $11.95 per hour. He works approximately three weekends per month as a watchman. But for three separate four-week periods, claimant has earned 90% of the wages earned prior to the job switch or full four week periods. In order to do so, however, claimant works more hours per week. The exact amount varies with weekly schedules.
III.

LAW AND DISCUSSION

Entitlement to supplemental earnings benefits (SEB) is governed by La.R.S. 23:1221(3). Section (a) of the statute states that an employee unable to earn wages equal to 90% or more of his or her pre-injury wages is entitled to SEB based upon a calculation of pre-injury wages and post-injury wages he or she may earn in any employment or self-employment. This appeal does not turn on whether Mr. Bourgeois is making ninety percent of his pre-injury wages because it was stipulated at trial that his earnings meet that cut-off. This appeal addresses the res nova issue of whether Mr. Bourgeois should be excluded from receiving SEB simply because he earns an amount equivalent to his pre-injury wages although he must work more hours at a lesser rate post-injury than pre-injury in order to earn the comparable wages. Essentially, Mr. Bourgeois argues that in determining eligibility for SEB, the number of hours a claimant works and his hourly rate are as important as how much he or she earns in total, i.e., whether claimant earns 90% of his or her pre-injury wages. If these factors are not considered, Mr. Bourgeois argues, the claimant is penalized.
As La.R.S. 23:1221(3) does not speak to this scenario or provide a clear and unambiguous method of approaching the issue, we must rely on statutory | interpretation. Louisiana Civil Code art. 12 states, “[w]hen the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.” Statutory interpretation requires *764 ascertainment of the legislative intent and the reasons which prompted the legislature to enact the law. Touchard v. Williams, 617 So.2d 885 (La.1993). Judicial statutory interpretation must give consideration and meaning to an entire statutory framework and context. Johnston v. Morehouse Parish Police Jury, 424 So.2d 1058 (La.App. 2 Cir. 1982), writ denied, 427 So.2d 1208 (La.1983).
Louisiana Revised Statute 23:1221(3) was implemented to provide relief for those employees who are partially disabled and who do not qualify for total disability benefits. Stutes v. Koch Servs., Inc., 94-782 (La. App. 3 Cir. 12/7/94), 649 So.2d 987. Regarding the general scheme of workers’ compensation law, we note the underlying principle that workers’ compensation law is to be construed liberally in favor of the injured employee in order “to effectuate the humane policies it reflects.” Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La.1993). This overarching policy of protection for the injured employee enhances Mr. Bourgeois’ argument that his situation falls within the scope of the statute’s intended meaning and application.
The notion of forcing an injured employee to work more hours at less pay in order to maintain wages commensurate with those earned pre-injury is not compatible with the purpose of the workers’ compensation act which is remedial in nature. Breaux v. Travelers Ins. Co., 526 So.2d 284 (La.App. 3 Cir.1988). We do not find that the imposition of such an undue burden oh the injured employee was contemplated by the legislature in enacting La.R.S. 23:1221(3). SEB payments offer temporary support for the employee whose injury prevents him from performing his previous job and earning his previous salary. It is not written anywhere in the statute, | ¿nor should it be inferred, that an injured employee give more hours to the employer in order that the employer avoid paying SEB. If the injured employee cannot earn 90% of his pre-injury earnings while working the same amount of hours worked pre-injury, then he or she is entitled to SEB payments.
The appropriate calculation to determine whether an injured employee is earning 90% of his pre-injury wages under the circumstances represented by this case is to use the average number of hours worked before the injury and multiply that number by the hourly pay rate he or she is currently receiving. If the resulting, figure is not 90% of pre-injury wages, SEB payments are appropriate. Applying this formula to Mr. Bourgeois’ situation yields a figure below 90% of his pre-injury earnings. As such we find that Mr. Bourgeois is entitled to SEB payments pursuant to La.R.S. 23:1221(3).
IV.

CONCLUSION

For the foregoing reasons, the judgment of the hearing officer is reversed. This case is remanded for a determination of the appropriate amount of supplemental earnings benefits.
All costs are assessed against defendant-appellee, Akzo Nobel Salt, Inc.
REVERSED AND REMANDED.
DECUIR, J., dissents and assigns written reasons.