[ .GUIDRY, J.
In this appeal, three defendants, two attorneys who respectively prepared an abstract and a title examination for a timber deed and their professional liability insurer, challenge the trial court’s judgment, which found that the treble damages provision of La. R.S. 3:4278.1 applied to plaintiffs claims against defendants. For the following reasons, we reverse in part and remand.
*721 FACTS AND PROCEDURAL HISTORY
By two separate acts of transfer executed in 1986, plaintiff, Barringer Lands, Ltd., acquired a two-thirds ownership interest in real property located in St. Tammany Parish from various Barringer relatives. Nonetheless, on April 8, 1994, a group of Barringer relatives, including some individuals who had previously sold their interests in the property to Barring-er Lands and other individuals who had no ownership interest in the property, executed a timber deed which included the subject land, purportedly selling the merchantable timber on the property to defendant Jayess Wood, Inc. Barringer Lands was not a party to this sale, and its ownership interest in this property and the timber thereon was not addressed in the timber deed.
Prior to execution of the timber deed, defendant Edward J. Murphy performed an abstract on the real estate at issue at the request of defendant Thomas B. Waterman. Relying on Murphy’s abstract, Waterman performed a title examination for the purpose of determining ownership of the timber, prepared the timber deed and acted as notary for the timber sale. Neither Murphy’s abstract nor Waterman’s title examination noted Bar-ringer Lands’ ownership interest in the property or the timber thereon.
After the timber deed was executed, Jayess Wood, Inc., the listed purchaser of the timber in the timber deed, directed its agent, Randy Phillips Logging, Inc., to |3cut and remove the timber, which had a market value of $24,472.30, from the property.
Thereafter, Barringer Lands filed suit to recover damages pursuant to La. R.S. 3:4278.1 for the cutting of timber without its consent on the property in which it owned a two-thirds interest. The named defendants included the individual named vendors in the timber deed who actually owned no interest in the subject property; [1] Jayess Wood, the timber purchaser; Randy Phillips Logging, the timber cutter; Waterman, the title examiner and closing attorney; Murphy, the abstractor; and Coregis Insurance Company, the professional liability insurer of Waterman and Murphy.[2]
The parties filed a written stipulation of the relevant facts herein, and Barringer Lands filed a “Motion for Partial Summary Judgment,” seeking a judicial determination of whether the tree piracy statute, La. R.S. 3:4278.1, and specifically its treble damage provision, applied to Barringer Land’s claims against all defendants herein. Following a hearing on the motion, the trial court rendered judgment, declaring that “[La. R.S.] 3:4278.1 pertaining to cutting timber without the consent of the owner or legal possessor, and specifically the treble damage provision of the statute, applies to plaintiffs [sic], Barringer Lands, Ltd. claim against all of the defendants in this matter.”
From this judgment, Waterman, Murphy and Coregis Insurance Company appeal contending that the trial court erred, as a matter of law, in finding that the *722 | ¿statute applies to plaintiffs claim against them.[3]
DISCUSSION
The sole issue presented on appeal is whether an attorney who performed an abstract for the land at issue; an attorney who performed a title examination, drafted a timber deed and acted as notary for the timber deed; and the liability insurer for these attorneys may be held liable for their alleged negligence in performing these acts under the treble damage provisions of the tree piracy statute.
Louisiana Revised Statute 3:4278.1 provides, in pertinent part, as follows:
A. It shall be unlawful for any person to cut, fell, destroy, remove, or to divert for sale or use, any trees, or to authorize or direct his agent or employee to cut, fell, destroy, remove, or to divert for sale or use, any trees, growing or lying on the land of another, without the consent of, or in accordance with the direction of, the owner or legal possessor, or in accordance with specific terms of a legal contract or agreement. (Emphasis added).
* * *
C. Whoever violates the provisions of Subsection A in good faith shall be liable to the owner or legal possessor of the trees for three times the fair market value of the trees cut, felled, destroyed, removed, or diverted, if circumstances prove that the violator should have been aware that his actions were without the consent or direction of the owner or legal possessor of the trees.[4] (Emphasis added).
The starting point for interpretation of any statute is the language of the statute itself. Touchard v. Williams, 617 So.2d 885, 888 (La.1993). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislation or under the pretext of pursuing its spirit. Hughes v. Carroll Timber Company, 96-0031, p. 6 (La.App. 1st Cir.10/1/96), 694 So.2d 331, 335. The courts may not extend statutes to situations which the legislature never intended to be covered thereby. Hughes, 96-0031 at 6, 694 So.2d at 335.
Louisiana Revised Statute 3:4278.1 is a punitive statute. First South Production Credit Association v. Georgia-Pacific, 585 So.2d 545, 548 (La.1991). Statutes which authorize the imposition of a penalty are to be strictly construed and are not to be construed as extending powers not authorized by the letter of the law. First South Production Credit Association, 585 So.2d at 548.
Bearing in mind these principles of statutory construction, we conclude that the treble damage provisions of La. R.S. 3:4278.1 are not applicable to defendants, Waterman, Murphy and Coregis Insurance Company. Under the clear wording of this statute, a person may be liable to the owner for treble damages for the specific acts of cutting, felling, destroying, removing diverting for sale or use, or authorizing or directing one’s agent or employee to do any of the specific acts to any trees on another’s property. Clearly, defendants Waterman and Murphy did not engage in any acts of cutting, felling, destroying or removing trees as proscribed by La. R.S. 3:4278.1, nor did their agents or employees. Thus, the treble damages provision of La. R.S. 3:4278.1(C) cannot be applicable to them on this basis.
*723 Moreover, although the actions of these defendants in performing an abstract and title search which did not reveal Barringer Lands’ interest in the subject property may have led others to “divert for sale” or “cut” or “fell” the timber on another’s property as proscribed by La. R.S. 3:4278.1(A), we conclude that this alone is insufficient to bring the actions of Waterman and Murphy within the ambit of this penal statute in the absence of clearer evidence of legislative intent to allow the award of treble damages when founded upon these types of activities. See First South Production Credit Association, 585 So.2d at 548. Thus, we conclude that the trial court erred in finding that the treble damages provision of La. R.S. 3:4278.1 applied to the alleged acts and omissions of defendants Waterman and Murphy. Likewise, given the inapplicability of La. R.S. 3:4278.1 to Waterman’s and Murphy’s actions, their liability insurer is not answerable to plaintiff under the treble damages provision of this statute.[5]
CONCLUSION
For the above and foregoing reasons, the August 4, 1998 judgment of the trial court is reversed to the extent that it declared the provisions of La. R.S. 3:4278.1 to be applicable to Barringer Lands’ claims against defendants Thomas Waterman, Edward Murphy and Coregis Insurance Company. This matter is remanded for further proceedings consistent with the views expressed herein.
Costs of this appeal are assessed against plaintiff, Barringer Lands, Ltd.
REVERSED IN PART AND REMANDED.
SHORTESS, C.J., concurs with reasons.

. The vendors listed in the timber deed and named as defendants are: Robert H. Barring-er, Jerome E. Barringer, Allen P. Barringer, Donald A. Barringer, Rita Barringer Jenkins, Gerald Lee Barringer, Mary Elizabeth Bar-ringer Johnston, Marilyn Ann Barringer Commander, Michael Howard Barringer, Sharon Lynne Barringer Smith, Inez Jean Todd Hebert, Thomas C. Barringer, Richard W. Bar-ringer, James Calvin Barringer, Muriel Bar-ringer Stappler, Dennis D. Barringer, Arlen Wade Barringer, Donna Lynn Barringer Gru-za, Brian Norris Barringer, James Merwyn Barringer, and Eleanor B. Todd Burroughs. Plaintiff subsequently dismissed with prejudice its claims against James Merwyn Bar-ringer and Brian Norris Barringer, who actually owned the remaining one-third interest in the subject property.

. Barringer Lands named Waterman as a defendant both individually and as Thomas B. Waterman, Esq. (A Professional Law Corporation).

. The trial court issued an order, declaring, in accordance with the provisions of La. C.C.P. art. 1915(B), that this partial summary judgment be designated as a final and appealable judgment, with an express determination that there is no just reason for delay.

. Section B of the statute addresses wilful and intentional violations and, thus, is not at issue herein based upon the stipulated facts set forth by the parties involved in this appeal.

. However, in so holding, we render no opinion as to the potential liability these defendants may have to Barringer Lands in the principal demand or to other parties in any incidental actions, for their alleged negligence under any other theories or causes of action or for indemnification and damages caused by any alleged failure to diligently investigate and research an abstract of title or adequately complete a title examination and timber deed.