12GRANT, Judge Pro Tem.
This is an appeal by the executrix of a succession of the trial court’s determination in favor of the Louisiana Department of Revenue that inheritance tax on a succession asset has not prescribed. We affirm.
FACTS AND PROCEDURAL HISTORY
In January 1992, after Norman Ott, Jr.’s death, his widow, Helen Doris Fussell Ott, who opened the succession, was named executrix of his will. An inheritance tax return was filed for the succession on January 20, 1998 and $11,969.54 in taxes was paid to defendant-appellee, Louisiana Department of Revenue (“the Department”). On May 14, 1993, the succession was closed. Years later, the Ott family discovered that before his death, Norman Ott Jr., inherited from an uncle an undivided 20% naked ownership interest in a stock portfolio. The parties do not dispute that the omission of the asset by the executrix, Mrs. Ott, from the original sworn descriptive list filed with tax return was in good faith. The family re-opened the succession to declare the newly discovered asset. A supplemental inheritance tax return was filed on November 10, 1998, showing an additional inheritance tax of $6,480.04 was due but marked “prescribed.” The Department declined to accept it, however, and notified the succession.
On November 23, 1998, Mrs. Ott filed a rule to show cause why the inheritance taxes relating to the stock portfolio should not be declared as having prescribed. After a hearing, the trial court ruled that the inheritance tax on the new asset had not prescribed, but that no penalties or interest were due because the executrix had acted in good faith.
DISCUSSION
In the only assignment of error, the succession urges that the trial court erred in failing to recognize that the inheritance tax on the newly discovered assets had prescribed. Because the assignment of error, herein, involves a question of law, we review the record for legal error.
The succession argues that, according to the clear language of the statute, lathe three year prescriptive period began to accrue on the last day of the year in which the “inheritance tax return together with the copy of the Petition, Affidavit, Death and Heirship, Will, ... and Sworn Descriptive List and Inventory” was filed. Because the return and other succession documents were filed on January 20, 1993, prescription commenced on December 31, 1993 and accrued on December 31, 1996. Ms. Ott argues that if the reverse situation existed, i.e. if taxes had been paid on property which had been erroneously believed to be owed by the decedent, filing an amended return over three years later would not result in a return of the money because of prescription.
The Department asserts that the filing of a supplemental inheritance tax return along with an amended sworn descriptive list, is necessary to commence accrual of prescription on an asset which was not listed in an earlier sworn descriptive list. The Department argues that prescription could not have run against an asset that was not made known to the Department, regardless of whether the omission of the asset from the original filing was in good or bad faith. Because the amended return and descriptive list was filed on November 10, 1998, the Department argues the tax on the asset described therein became due for purposes of prescription on December 31, 1998, and does not prescribe until December 31, 2001.
Louisiana R.S. 47:2422 provides:
*261 Inheritance taxes due to the -state shall prescribe, as provided in the constitution, in three years from the thirty-first day of December of the year in which such taxes become due. The taxes shall be deemed due, so as to begin the running of prescription, on the day the inheritance tax return together with a copy of the petition, affidavit of death and heirship, will, if any, and sworn descriptive list or inventory is filed with the collector of revenue or on the date inheritance tax return is filed in succession record and submitted to the attorney for the inheritance tax collector, whichever is the latest.
We begin by noting that there is no Louisiana jurisprudence that addresses the issue of statutory interpretation presented herein. Legislation is the solemn expression of legislative will and, therefore, the interpretation of legislation is primarily the search for the legislative intent. Cat’s Meow, Inc. v. City of New Orleans Through Department of Finance, 98-0601 (La.10/20/98), 720 So.2d 1186; Hutchinson v. Patel, 93-2156 (La.5/23/94), 637 So.2d 415. When a law is clear and unambiguous and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made in search of legislative intent. La. C.C. art. 9; Cat’s Meow, 98-0601 at p. 15, 720 So.2d at 1198. The starting point for the interpretation of any statute is the language of the statute itself. Cat’s Meow, supra; Touchard v. Williams, 617 So.2d 885 (La.1993).
There is no dispute that Mrs. Ott acted in good faith, and, as noted by the trial court, she did what she should have done by filing an amended return. According to § 2422, “taxes shall be deemed due, so as to begin the running of prescription, on the day the inheritance tax return together with a ... sworn descriptive list or inventory is filed with the collector of revenue _” Thus, under § 2422, the commencement of prescription is triggered by the filing of, among other things, the sworn descriptive list or inventory. The commencement of prescription cannot logically be said to have occurred on an asset which was not listed on the sworn descriptive list or included in the inventory filed. Whether the succession was in good faith or bad faith is not relevant, under the plain language of § 2422, to the determination of whether prescription has commenced on an asset within an estate. Accordingly, we find no error with the trial court’s conclusion that the additional inheritance taxes reflected in Amended Inheritance Tax Return have not prescribed.
CONCLUSION
For the reasons set forth herein, the trial court’s judgment is affirmed. All costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.