WEIMER, Justice,
dissenting.
hi respectfully dissent.
In my view, a narrow interpretation of the provisions of LSA-R.S. 42:65 loses sight of the primary purpose of statutory construction: to discern and enforce the intent of the legislature. Pumphrey v. City of New Orleans, 05-979, p. 10 (La.4/4/06), 925 So.2d 1202, 1209 (“The fundamental question in all cases of statutory interpretation is legislative intent and the ascertainment of the reason or reasons that prompted the Legislature to enact the law.”).
According to well-settled rules of statutory construction, the meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter and by placing a construction on the law that is consistent with the express terms of the law and with the obvious intent of the legislature in enacting the law. SWAT 24 Shreveport Bossier, Inc. v. Bond, 2000-1695, p. 11 (La.6/29/01), 808 So.2d 294, 302; Succession of Boyter, 99-0761, p. 9 (La.1/7/00), 756 So.2d 1122, 1129. A statute must be applied and interpreted in a manner that is logical and consistent with the presumed purpose and intent of the legislature. Id.
12While I agree that the starting point in the interpretation of any statute is the language of the statute itself, Touchard v. Williams, 617 So.2d 885, 888 (La.1993), that language must not be construed so narrowly as to defeat or undermine the clear intent of the legislature. State v. Shaw, 06-2467, p. 15 (La.11/27/07), 969 So.2d 1233, 1242. Thus, where a literal interpretation would produce absurd consequences, the letter must give way to the spirit of the law and the statute construed so as to produce a reasonable result. SWAT 2⅛ Shreveport Bossier, Inc., 2000-1695 at 12, 808 So.2d at 302.
Here, the purpose of the Dual Office-holding and Dual Employment Law (“DO-DEL”) is clearly set forth by the legislature:
It is the purpose of this Part to implement a policy which will serve to maintain a high level of trust and confidence by the general citizenry in public officials, employees, and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding.
LSA-R.S. 42:61(B). By its terms, the purpose of the law is remedial. It is designed to correct “the widespread perception that public employment — whether in federal, *824 state, or local government offices — is merely a sinecure” and to affirm the principle “that it is intolerable to give persons two slices of the public pie.” Arceneaux v. Treen, 671 F.2d 128, 133 (5th Cir.1982). Given its remedial purpose, the law should be construed consistently with that purpose so as to remedy the wrong that the legislature sought to ameliorate — the erosion of public trust and confidence in government produced by an illegal and unwarranted draw on the public fisc.
To construe the provisions of LSA-R.S. 42:65 in a strained manner produces, as Judge McDonald points out in his dissent in the court of appeal, the untenable result that an employee or officeholder in violation of the law could easily manipulate lathe system, and reap the benefits of his or her illegal action, by simply resigning prior to a court ruling. Such manipulation, and the erosion of public confidence in government that arises as a result thereof, is precisely the type of conduct that DODEL was enacted to remedy.
I cannot ascribe to an interpretation of the statute that would subvert its stated goal. Louisiana Revised Statute 42:65, as drafted, contains three subsections. Subsection A confers upon the attorney general, a district attorney, or any citizen of the state a right to proceed against a person alleged to be in violation of the prohibition against dual employment or officeholding. When a violation is found, Subsection B confers upon the court the authority to declare vacant the office or one of the employments and to enjoin the individual found to be in violation from further carrying out the duties of the office or employment. Subsection C allows the court to order reimbursement of all pay or other compensation received by the employee or official found to be in violation of the law to the appropriate governmental body— that body under whose auspices the office or employment is vacated.[1]
The reimbursement provision of Subsection C is clearly intended to serve as a disincentive for dual employment or office-holding. The majority’s interpretation, which eviscerates this disincentive, is inconsistent with the express purpose of DO-DEL, which is to bolster public confidence and trust in government employees and officials.

. In this respect, the reference in Subsection C of the statute to "the position vacated as provided in Subsection B hereof,” merely serves to identify which of the two employments or offices to which reimbursement is properly directed. In other words, Subsection B dictates that the judge declare one of the two positions vacant and reimbursement under Subsection C is owed to the vacated office or employment.