Dear Ms. McCann:
You have requested an opinion from this Office regarding the implications of the scattering of cremated human remains. Specifically, you have asked "if the scattering of cremated human remains triggers the dedication provisions of Title 8" of the Louisiana Revised Statutes.
The dedication provisions to which you refer are located at La.R.S.8:304-306. Those laws provide as follows:
 § 304. Permanency of dedication
 A. After property is dedicated to cemetery purposes pursuant to this Chapter, neither the dedication nor the title of a plot owner shall be affected by the dissolution of the cemetery authority, by nonuse on its part, by alienation of the property, or otherwise, except as provided in this Title.
 B. An official act of dedication of cemetery property shall be filed with the clerk of the district court for the parish in which the cemetery is located and with the Louisiana Cemetery Board. These requirements shall not apply to individual cemetery spaces within dedicated cemetery property. The provisions of this Subsection shall apply only to a cemetery established after June 21, 2008.
 § 305. Rule against perpetuities, etc., inapplicable
 Dedication to cemetery purposes pursuant to this title is not invalid as violating any laws against perpetuities or the suspension of the power of alienation of title to or use of property but is expressly permitted and shall be deemed to be in respect for the dead, a *Page 2 
provision for the interment of human remains, and a duty to and for the benefit of the general public.
 § 306. Removal of dedication; procedure
 Property dedicated to cemetery purposes shall be held and used exclusively for cemetery purposes unless and until the dedication is removed from all or any part of it by judgment of the district court of the parish in which the property is situated in a proceeding brought by the cemetery authority for that purpose and upon notice of hearing to the board and by publication as hereinafter provided, and proof satisfactory to the court: (1) That no interments were made in or that all interments have been removed from that portion of the property from which dedication is sought to be removed; and (2) That the portion of the property from which dedication is sought to be removed is not being used for interment of human remains.
As you are aware, and as we have noted in several recent opinions, [1]
the dedication provisions constitute an absolute bar to the use of cemetery property for anything other than "cemetery purposes"[2]
unless and until all human remains have been properly removed from the property and a court of competent jurisdiction has issued a final order removing the cemetery dedication of the property.[3] It is also important to note that it is the presence of human remains on or in a piece of property that triggers the dedication and that no formal dedication to cemetery purposes need be made or recorded.[4]
All of the opinions issued by this Office, to date, that consider the dedication provisions only analyze the application of the law to the inhumation, interment, or entombment of (largely) intact human bodies on or in a particular piece of property.[5] None of these opinions consider the legal implications of the dedication provisions for property on which cremated human remains have been scattered. In fact, we are aware of no specific law or jurisprudence in Louisiana that considers this issue.
The scattering of cremated human remains outside of cemeteries, should the dedication provisions apply to such dispositions, creates a practical problem in *Page 3 
that numerous entities could see their property converted to cemetery purposes, with all of the attendant restrictions, without having granted permission for such a disposal and without any practical means to reverse the process.[6] In fact, taking this problem to its extreme, considering the wishes of the deceased in the matter of Mavromatis v.Lou-Mar, Inc, [7] who wanted his ashes to be scattered in the Gulf of Mexico, the application of the dedication provisions to such a scenario would have the entire Gulf, within the three-mile limit of State-ownership, converted to a cemetery and effectively out of commerce for other purposes. Surely this result, which is obviously an exaggeration of the more proximate problem, is an absurd result that the Legislature could not have possibly intended when enacting the dedication provisions.[8] Accordingly, the dedication provisions must be applied in such a manner as not to lead to the absurd result of wholesale conversion of every tract of land upon which cremated human remains are scattered to cemetery-only uses.
It is also important to consider the purposes behind the dedication provisions. Cemeteries hold a unique place in American culture — they are considered by custom and the law to be inviolate places where the dead may find eternal rest.[9]It is from this cultural concept that laws such as the dedication provisions, the Louisiana Unmarked Human Burial Sites Preservation Act, [10] and the Louisiana Historic Cemetery Preservation Act[11] were created. This inviolate nature must dictate the application of the dedication provisions to your current question. In other words, while we do not believe that the dedication provisions were intended to apply to, nor does the law require their application to, isolated scatterings of cremated human remains, we also do not want this opinion to be seen as undermining any of the burial protection laws noted above as they have been applied in the jurisprudence or in the previous opinions of this Office.
Under Title 8 of the Revised Statutes, a cemetery is defined as: *Page 4 
 a place used or intended to be used for the interment of the human dead. It includes a burial park, for earth interments; or a mausoleum, for vault or crypt interments; or a columbarium, or scattering garden, for cinerary interments; or a combination of one or more of these.[12]
Noticeably absent from this definition is an isolated scattering of cremated human remains. Thus, because the dedication provisions specifically apply to cemetery property, we are of the opinion that isolated scatterings of cremated human remains outside of cemeteries are not implicated by Title 8 or by the dedication provisions.
In addition to the above-cited authorities and interpretation, Louisiana law also clearly exempts isolated scatterings of cremated human remains from the coverage of the dedication provisions via the definition of "interment" under La.R.S. 8:1(26). Interment is defined as, "the disposition of human remains by inurnment, scattering, entombment, or burial in a place used or intended to be used, and dedicated, for cemetery purposes."[13] This definition demonstrates that the scattering of cremated human remains outside of an area that is dedicated to cemetery purposes does not qualify as an interment under Louisiana law. Because a cemetery can only be created (and hence have the dedication provisions apply thereto) by way of the interment of human remains, [14] the isolated scattering of such remains outside of a cemetery does not constitute interment and thereby does not create a cemetery to which the dedication provisions would attach.[15]
We do note that La.R.S. 8:1(7) includes within the definition of "cemetery" the term "scattering garden." This term is not defined in Title 8. However, in practice, we understand that a "scattering garden" is a portion of a cemetery that is otherwise covered by Title 8 (and thus the dedication provisions) in which people may scatter the cremated remains of their loved ones.[16] Scattering garden is not an analogous term to an isolated scattering for at least two reasons. As noted above, scattering gardens are located within cemeteries that *Page 5 
are provided for by Title 8. In addition, the scattering of remains in scattering gardens would not be considered isolated events, but rather they are areas that are specifically set aside for scattering human remains on otherwise protected property. For these reasons, we are of the opinion that the inclusion of the term "scattering garden" in La.R.S. 8:1(7) does not mean that isolated events of scattering in noncemetery areas would trigger the dedication provisions.[17] This conclusion is further consistent with La.R.S. 8:1(26), which clearly makes a distinction between scattering within and outside of dedicated cemeteries, the latter not qualifying as "interment" under Louisiana law.
Finally, we note that our opinion is inapplicable to situations in which cremated remains have been purposefully buried, either in an urn or in some other receptacle. In this instance, the remains have not been scattered and are largely separable from the matrix within which they have been interred. In this regard, we are mindful of the historic and prehistoric practice of the intentional burial of cremated human remains.[18] The discovery of such purposefully-buried remains outside of a cemetery registered with the Louisiana Cemetery Board would trigger either the Louisiana Unmarked Human Burial Site Preservation Act or the Louisiana Historic Cemetery Preservation Act, or both, and such interred remains would be subject to the dedication provisions. The reason for this distinction is that the act of the burial of such cremated remains cannot be said to be an isolated scattering, but rather a purposeful interment much in the manner of the regular interment of intact human remains.
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ RYAN M. SEIDEMANN Assistant Attorney General
 JDC/RMS/tp
 cc: Charles R. McGimsey, Ph.D., Louisiana State Archaeologist
 Ms. Dawn Scardino, Director, Louisiana State Board of Embalmers Funeral Directors
[1] La. Atty. Gen. Op. Nos. 10-0018; 10-0234; 10-0258; 10-0259.
[2] For further clarification on what constitutes cemetery property and cemetery purposes, we refer you to La. Atty. Gen. Op. No. 10-0258.
[3] See La.R.S. 8:306; see also La. Atty. Gen. Op. Nos. 08-0100; 10-0018; 10-0234.
[4] The latter point about recordation applies more to historic cemeteries, as now recordation is required pursuant to La.R.S. 8:304(B). However, the lack of recordation prior to the enactment of La.R.S. 8:304(B) in 2008 does not undermine the protections afforded by the dedication prior to that time. See La. Atty. Gen. Op. No. 10-0258; Humphreys v.Bennett Oil Corp., 197 So. 222 (La. 1940); Thomas v. Mobley, 118 So.2d 476
(La. Ct. App. 1 Cir. 1960).
[5] La. Atty. Gen. Op. Nos. 08-0100; 10-0018; 10-0234; 10-0258; 10-0259.
[6] Inherent in the dedication provisions as they are drafted and as have been applied in previous opinions of this Office is the ability, albeit sometimes with substantial financial difficulty, to reverse the dedication by the removal of the remains and the subsequent removal of the dedication by court order. In the case of scattered cremated remains, it is not feasible to remove such remains in the same manner as an exhumation or excavation of intact or partially intact bodies. Thus, from a practical perspective, we believe that the implications of applying the dedication provisions to isolated events of scattered cremated human remains to be distinguishable from other applications of the dedication provisions.
[7] 93-0379 (La.App. 4 Cir. 2/11/94), 632 So.2d 828.
[8] See Touchard v. Williams, 617 So.2d 885, 892 (La. 1993), citingSmith v. State, through Dep't of Pub. Safety, 366 So.2d 1318, 1320 (La. 1978) (a "Court will not `impute to a statute a meaning which would lead to an absurd result . . . `").
[9] See generally Ryan M. Seidemann Rachel L. Moss, Places WorthSaving: A Legal Guide to the Protection of Historic Cemeteries inLouisiana and Recommendations for Additional Protection, 55 LOY. L. REV. 449 (2009).
[10] La.R.S. 8:671, et seq.
[11] La.R.S. 25:931, et seq.
[12] La.R.S. 8:1(7).
[13] La.R.S. 8:1(26).
[14] La.R.S. 8:1(7).
[15] This analysis is also consistent with the conclusions reached in La. Atty. Gen. Op. No. 10-0258 with regard to the question of whether the finding of an isolated human body in a disaster or criminal context triggers the dedication provisions (which, outside of a cemetery, it does not).
[16] See Or. St. 970.010(32), which defines "scattering garden" as:
 a location set aside within a cemetery that is used for the spreading or broadcasting of cremated remains that have been removed from their container and can be mixed with or placed on top of the soil or ground cover or buried in an underground receptacle on a commingled basis and that are nonrecoverable.
See also Anon., Scattering gardens offer permanent memorials for crematedremains, originally published in the OBSERVER-REPORTER of Pennsylvania on June 29, 2003 (available online at:http://www.taph.com/index2.php?option=com_contentdo_pdf=1id=870).
[17] This distinction is supported by the law related to cremation. Specifically, La.R.S. 37:880(D) distinguishes isolated scatterings from the scattering of cremated human remains in dedicated cemeteries.
[18] See e.g., Robert W. Neuman, AN INTRODUCTION TO LOUISIANA ARCHAEOLOGY, 140 (LSU Press 1984).