h Judge DAVID S. GORBATY.
The Sewerage & Water Board of New Orleans (S & WB) appeals a judgment in which it was ordered to pay one hundred percent of a previously rendered judgment in which it was adjudged fifty percent at fault for plaintiffs injuries. For the following reasons, we reverse the judgment of the trial court.
PROCEEDINGS BELOW:
David L. Lukens brought a personal injury suit against the S & WB and the City of New Orleans for injuries sustained in a slip and fall accident. After trial, judgment was rendered in favor of plaintiff, finding each defendant fifty percent responsible for the accident. The judgment held the defendants liable in solido in the amount of $27,773.33, plus interest and costs.
The S & WB appealed to this Court, which affirmed the judgment. The Supreme Court denied writs.
After the earlier judgment became final, the S & WB tendered to plaintiff a check for $20,116.14, representing fifty percent of the judgment, plus fifty percent of the interest to date and costs. Plaintiff re *876 fused the tender and filed a motion to enforce the judgment, seeking to collect one hundred percent of the judgment from the S & WB. It was plaintiffs position that because the defendants were liable in | jSolido, plaintiff was entitled to collect the entire judgment from the S & WB. The trial court granted plaintiffs motion, without reasons, and this appeal followed.
DISCUSSION:
The S & WB argues that the version of La. Civ.Code art. 2324 B in effect at the time of plaintiffs accident provided that it was only responsible for payment of fifty percent of the judgment. Thus, it was error for the trial court to order it to pay one hundred percent of the judgment.
Plaintiff couches his argument in terms of whether the trial court was manifestly erroneous in finding the S & WB one hundred percent responsible for payment of the entire amount of the final judgment. We find plaintiffs argument misguided. While we agree that the judgment finding the S & WB and the City of New Orleans liable in solido, and each fifty percent responsible for plaintiffs injuries is final, we do not agree that the finality of that judgment is the subject of this appeal.
Rather, the subject of this appeal is whether the S & WB is liable for more than fifty percent of the judgment. This is a totally separate issue from those addressed in the previous appeal. Plaintiff attempts to argue that the trial court revisited the issue of liability, and found the S & WB one hundred percent at fault. The trial court gave no reasons for its decision to order the S & WB to pay the entire judgment. Therefore, we do not know if it decided the issue on the ground that the previous judgment was final, or if it considered the proper application of La. Civ.Code art. 2324. Regardless of how the trial court arrived at its conclusion, we find it was legal error to order the S & WB to pay one hundred percent the judgment.
At the time of Mr. Luken’s accident of December 4, 1992, La. Civ.Code art. 2324 provided in part:
|,qA. He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act.
B. If liability is not solidary pursuant to Paragraph A, or as otherwise provided by law, then liability for damages caused by two or more persons shall be solidary only to the extent necessary for the person suffering the injury, death, or loss to recover fifty percent of his recoverable damages; ...
In Touchard v. Williams, 617 So.2d 885, the Supreme Court explained that the 1987 amendment to La. Civ.Code art. 2324 provided that a judgment debtor was no longer exposed to solidary liability for one hundred percent of the judgment except where the joint tortfeasors commit an intentional or willful act. Rather, a judgment debtor’s exposure is limited, in the absence of a greater than fifty percent assignment of fault, to fifty percent of the plaintiffs recoverable damages. Id. at 892. The Court held that La. Civ.Code art. 2324, as amended in 1987, was intended to provide a cap on solidarity among joint tortfeasors of fifty percent.
Accordingly, we reverse the judgment of the trial court granting plaintiffs motion to enforce judgment for one hundred percent of the underlying judgment against the S & WB.
REVERSED.
ARMSTRONG, J., dissents with reasons.