Dear Ms. Curry:
You have requested an opinion of the Attorney General on behalf of the City of New Iberia regarding Article II, Section 2-01 (B) of the New Iberia Home Rule Charter which sets limitations on the number of terms a member of the council can serve. Article II, Section 2-01 (B) of the New Iberia Home Rule Charter states:
 A member of the council shall be elected for a four-year term concurrent with that of the mayor and shall be eligible for reelection. A person who has served as a member of the council for two full consecutive terms, whether before or after the effective date of this Charter, shall not be eligible for election to the same office for the succeeding term. Nothing herein shall prohibit an at-large member from seeking a district seat or a district council member from seeking an at-large seat.
You have presented the following facts: A councilman was elected for his first term on September 18, 2004 and sworn in on January 3, 2005. Thereafter, he was elected to a second term on October 4, 2008 and sworn in on January 6, 2009. On January 5, 2011, after being elected to another office, he resigned as councilman. You would like to know if this person is eligible to run in 2012 for reelection to the council to serve a third term as he only served a part of his second term.
The starting point for the interpretation of any statute is "the language of the statute itself."[1] The basic tenets of statutory construction and interpretation which apply to the Charter are found in the Louisiana Civil Code and Title 1 of the Louisiana Revised Statutes. These tenets are applicable not only to State statutes, but also to municipal and parochial ordinances.[2] Your attention is directed to the following articles of the Louisiana Civil Code and Louisiana Revised Statutes: *Page 2 
 La.C.C. art. 9: When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 La.C.C. art. 11: The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter.
 La.C.C. art. 13: Laws on the same subject matter must be interpreted in reference to each other.
 La.R.S. 1:3 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning. The word "shall" is mandatory and the word "may" is permissive.
This office has reviewed the language of Article II, Section 2-01 (B) of the New Iberia Home Rule Charter using the foregoing rules of statutory construction. The term limit provision for members of the council clearly and succinctly limits service on the Council for any one member who has actually served two full consecutive terms. Had the language in Article II, Section 2-01 (B) of the New Iberia Home Rule Charter used the term "elected" instead of "served," a person who has served as a member of the Council for partial second term would be prohibited from qualifying for another term.[3] Therefore, it is the opinion of this office that Article II, Section 2-01 (B) of the New Iberia Home Rule Charter does not prohibit a person who served as a member of the Council for a partial second term from qualifying for another term.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:______________ Erin C. Day Assistant Attorney General
 JDC: ECD
[1] Touchard v. Williams, 617 So.2d 885, 888 (La. 1993), superseded on other grounds by statute in Dumas v. Stateex rel. Dep't of Culture, Recreation Tourism, 02-0563 (La.10/15/02), 828 So.2d 530; Theriot v. Midland RiskIns. Co., 95-2895 (La.5/20/97), 694 So.2d 184, 186.
[2] Liberto v. Rapides Parish Police Jury,667 So.2d 552 (La.App. 3rd Cir. 1995), rehearing denied.
[3] See, e.g., La.Const. Art. 3 Sec. 4(E) which provides, "[n]o person who has been elected to serve as a member of the Senate for more than two and one-half terms in three consecutive terms . . . shall be elected to the Senate for the succeeding term. No person who has been elected to serve as a member of the House of Representatives for more than two and one-half terms in three consecutive terms . . . shall be elected to the House of Representatives for the succeeding term.